# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

NO. 03-14-00230-CV

Elsie O. Jones, Appellant

v.

Jose G. Ramirez-Rodriguez, Appellee

FROM THE COUNTY COURT AT LAW NO. 2 OF TRAVIS COUNTY
NO. C-1-CV-13-002528, HONORABLE ERIC SHEPPERD, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Elsie O. Jones, acting pro se, appeals the trial court's take-nothing judgment rendered on a jury verdict in favor of Jose G. Ramirez-Rodriguez. In five issues, Jones challenges the sufficiency of the evidence to support the jury's finding of no negligence and the trial court's exclusion of certain exhibits. We affirm.[1]

## BACKGROUND

Jones sued Rodriguez in justice court. After a jury verdict in Rodriguez's favor in justice court, Jones appealed to county court. Her claims for damages were based on allegations that Rodriguez's vehicle, a blue Suburban, struck her parked vehicle in April 2012 when Rodriguez's

---

[1] Because the parties are familiar with the facts of the case and its procedural history, we do not recite them in this opinion except as necessary to advise the parties of the Court's decision and the basic reasons for it. *See* Tex. R. App. P. 47.1, 47.4.

vehicle was leaving an adjacent parking space in the apartment complex parking lot where the parties lived. She also alleged that Rodriguez improperly blocked her from parking in her assigned "privileged" parking spot and was negligent when he allowed children under his control to vandalize Jones's parked vehicle in October 2012.

At the jury trial in county court, Jones called herself and her husband to testify about the incident in April 2012. They testified that Jones parked her vehicle in the parking space next to the space in which Rodriguez's Suburban was parked, and they discovered about one hour later that Jones's vehicle had been damaged and Rodriguez's Suburban was no longer in the adjacent parking space. Jones thereafter called the police. At the time the police arrived, Jones's daughter's car was in the parking spot adjacent to Jones's vehicle. The police were able to locate Rodriguez, and he told the police that he did own the Suburban but that "[he] didn't hit anybody's car." No citation or charges resulted from the police's investigation. Jones's admitted exhibits were photographs of Rodriguez's vehicle and the parking lot. According to Jones's husband, the photographs of Rodriguez's Suburban showed "our blue paint on the right front corner bumper," Rodriguez subsequently replaced the Suburban's bumper, and Jones attempted to schedule an expert to inspect Rodriguez's Suburban but "defendant's counsel canceled each time not allowing the expert to do his job proficiently." Jones provided similar testimony about the April 2012 incident and also testified about the incidents in October 2012.

Rodriguez did not call any witnesses and moved for directed verdict. The trial court denied his motion and submitted the case to the jury. The jury answered "no" to Question 1, which asked, "Did the negligence, if any, of [Rodriguez] proximately cause the occurrence in question?"

2

Because the jury answered "no," it did not answer any other questions. Jones filed a motion for judgment notwithstanding the verdict and a motion for new trial. The trial court overruled both motions, and this appeal followed.

**ANALYSIS**

*Sufficiency of Evidence*

In her first, fourth, and fifth issues, Jones challenges the evidence to support the jury's answers to the questions in the charge. In her first issue, she urges that the evidence does not support the jury's answers "[b]ase[d] on preponderance of the evidence." To support this argument, she cites the trial court's denial of Rodriguez's motion for directed verdict and the trial court's statement that there "was enough evidence to get to the jury." In her fourth issue, she urges that the jury should have awarded her damages "for her personal property and her privileged parking and parental liability . . . because she testified that she was the witness that saw the child" who vandalized her car and "about her allotted parking place." In her fifth issue, she contends that Rodriguez failed to present evidence "showing that his vehicle did not have [her] paint on his vehicle" or "pictures showing [his vehicle] before and after [the April 2012 incident]."

Although it is not clear from her briefing, we construe her arguments as legal and factual sufficiency challenges. *See* Tex. R. App. P. 38.9; *Washington v. Bank of N.Y.*, 362 S.W.3d 853, 854 (Tex. App.—Dallas 2012, no pet.) (construing pro se brief liberally). When the party with the burden of proof attacks the legal sufficiency of the evidence to support a jury finding, the party "must demonstrate on appeal that the evidence establishes, as a matter of law, all vital facts in support of the issue." *See Dow Chem. Co. v. Francis*, 46 S.W.3d 237, 241 (Tex. 2001);

3

*see City of Keller v. Wilson*, 168 S.W.3d 802, 810, 823 (Tex. 2005) (describing legal sufficiency standard of review). "When a party attacks the factual sufficiency of an adverse finding on an issue on which she has the burden of proof, she must demonstrate on appeal that the adverse finding is against the great weight and preponderance of the evidence." *Dow Chem.*, 46 S.W.3d at 242. We "must consider and weigh all of the evidence, and can set aside a verdict only if the evidence is so weak or if the finding is so against the great weight and preponderance of the evidence that it is clearly wrong and unjust." *Id*. (citing *Pool v. Ford Motor Co.*, 715 S.W.2d 629, 635 (Tex. 1986)); *see Cain v. Bain*, 709 S.W.2d 175, 176 (Tex. 1986) (describing factual sufficiency standard of review).

Although Jones presented some evidence to support her theory that Rodriguez negligently damaged her vehicle when his Suburban vacated the adjacent parking spot and that children later vandalized her car, there was no evidence that: (i) Rodriguez was the driver of the Suburban when it left the parking lot, (ii) the Suburban was being driven negligently when it left the parking space, or (iii) Rodriguez was legally responsible for the children who allegedly vandalized her car in October 2012. *See Greater Hous. Transp. Co. v. Phillips*, 801 S.W.2d 523, 525 (Tex. 1990) (listing elements of negligence to include legal duty owed to plaintiff, breach of duty, and damages proximately caused by breach). There was no eyewitness to the April 2012 incident, and the jury could have credited the evidence that the police investigation did not lead to the issuance of a citation or ticket.

Further, the jury could have disbelieved Jones and her husband, who were witnesses interested in the outcome. *See City of Keller*, 168 S.W.3d at 819 ("Jurors are the sole judges of the

4

credibility of the witnesses and the weight to give their testimony. They may choose to believe one witness and disbelieve another."); *see also McGalliard v. Kuhlmann*, 722 S.W.2d 694, 697 (Tex. 1986) ("The uncontradicted testimony of an interested witness cannot be considered as doing more than raising an issue of fact unless that testimony is clear, direct, and positive, and there are no circumstances in evidence tending to discredit or impeach such testimony.").

Viewing the evidence in the light most favorable to the jury's finding of no negligence, we conclude that Jones has failed to demonstrate that the evidence establishes, as a matter of law, that Rodriguez was negligent. *See Dow Chem.*, 46 S.W.3d at 241; *see also City of Keller*, 168 S.W.3d at 810, 827. Further, based on our review of the evidence, we cannot conclude that the weight of the evidence is so contrary to the jury's finding as to be clearly wrong and unjust. *See Dow Chem.*, 46 S.W.3d at 242; *Cain*, 709 S.W.2d at 176. Thus, we conclude that there is legally and factually sufficient evidence to support the jury's finding. We overrule Jones's first, fourth, and fifth issues.

*Excluded Documents*

In her second and third issues, Jones argues that the trial court should have allowed a "lease agreement and violations" with "handwritten notation," which she sought to introduce over Rodriguez's objection. Although Jones filed "exhibits" with the trial court approximately one month after the jury trial, including a lease agreement and documents titled "Notice of Lease Violation," Jones did not make an offer of proof or bill of exception as to the exhibits that she sought to admit during trial. *See* Tex. R. Evid. 103 (describing offer of proof); Tex. R. App. P. 33.2 (describing formal bills of exception). Thus, she has failed to preserve any error for appellate review. *See*

5

*McInnes v. Yamaha Motor Corp., U.S.A.*, 673 S.W.2d 185, 187 (Tex. 1984) (concluding no error preserved as to excluded evidence because party failed to make "proper bill of exceptions"); *Bobbora v. Unitrin Ins. Servs.*, 255 S.W.3d 331, 335 (Tex. App.—Dallas 2008, no pet.) (concluding that filing document with trial court was not sufficient offer of proof to preserve error); *see also Perez v. Lopez*, 74 S.W.3d 60, 66 (Tex. App.—El Paso 2002, no pet.) ("While the reviewing court may be able to discern from the record the nature of the evidence and the propriety of the trial court's ruling, without an offer of proof, we can never determine whether exclusion of the evidence was harmful. Thus, when evidence is excluded by the trial court, the proponent of the evidence must preserve the evidence in the record in order to complain of the exclusion on appeal."). We overrule Jones's second and third issues.[2]

## CONCLUSION

For these reasons, we affirm the trial court's judgment.

_____
Melissa Goodwin, Justice

Before Chief Justice Rose, Justices Goodwin and Bourland

Affirmed

Filed: August 21, 2015

_____

[2] To the extent Jones challenges the county court's jurisdiction in her reply letter, we conclude that the county court properly exercised its jurisdiction over her appeal from justice court. *See* Tex. Gov't Code § 25.0003; Tex. R. Civ. P. 506.1 (appeal from justice court), 506.3 (requiring case to be tried de novo in county court).