

# NUMBER 13-15-00365-CR

## COURT OF APPEALS

## THIRTEENTH DISTRICT OF TEXAS

## CORPUS CHRISTI - EDINBURG

## IN RE LEONARD HENDERSON JR.

## On Petition for Writ of Mandamus.

# MEMORANDUM OPINION

### Before Chief Justice Valdez and Justices Benavides and Perkes
### Memorandum Opinion Per Curiam[1]

Relator, Leonard Henderson Jr., proceeding pro se, filed a petition for writ of mandamus on August 11, 2015, through which he seeks to compel the trial court[2] to correct alleged errors in relator's judgment of conviction. This Court reviewed relator's conviction for aggravated robbery on direct appeal, *see Henderson v. State*, 82 S.W.3d

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so."); TEX. R. APP. P. 47.4 (distinguishing opinions and memorandum opinions).

[2] Relator identifies the Honorable Angelica Hernandez of the 105th District Court of Nueces County as the respondent in this original proceeding; however; the Honorable Angelica Hernandez presided over the 105th District Court until 2014. The Honorable Jack W. Pulcher now presides over that court.

750 (Tex. App.—Corpus Christi 2002, pet. ref'd), and has previously handled another original proceeding filed by relator. *See In re Henderson*, No. 13-12-00152-CR, 2012 WL 761740 (Tex. App.—Corpus Christi Mar. 6, 2012, orig. proceeding) (mem. op. per curiam) (not designated for publication). Through this original proceeding, relator contends that the trial court: (1) failed to perform its ministerial duty by denying a motion for nunc pro tunc judgment; (2) abused its discretion by failing to provide relator with "proper entry of judgment"; and (3) denied relator due process by ruling unfavorably on his motion for nunc pro tunc judgment "without him present or represented by counsel at the hearing of said motion."

To be entitled to mandamus relief, relator must establish both that he has no adequate remedy at law to redress his alleged harm, and that what he seeks to compel is a ministerial act not involving a discretionary or judicial decision. *State ex rel. Young v. Sixth Jud. Dist. Ct. of Apps. at Texarkana*, 236 S.W.3d 207, 210 (Tex. Crim. App. 2007). If relator fails to meet both of these requirements, then the petition for writ of mandamus should be denied. *See id.*

It is relator's burden to properly request and show entitlement to mandamus relief. *Barnes v. State*, 832 S.W.2d 424, 426 (Tex. App.—Houston [1st Dist.] 1992, orig. proceeding) ("Even a pro se applicant for a writ of mandamus must show himself entitled to the extraordinary relief he seeks."). In addition to other requirements, relator must include a statement of facts supported by citations to "competent evidence included in the appendix or record," and must also provide "a clear and concise argument for the contentions made, with appropriate citations to authorities and to the appendix or record." *See generally* TEX. R. APP. P. 52.3. In this regard, it is clear that relator must furnish an

2

appendix or record sufficient to support the claim for mandamus relief. *See id.* R. 52.3(k) (specifying the required contents for the appendix); R. 52.7(a) (specifying the required contents for the record).

The Court, having examined and fully considered the petition for writ of mandamus and the applicable law, is of the opinion that relator has not met his burden to obtain mandamus relief. First, relator has not furnished a record or appendix in support of his petition for writ of mandamus. *See Barnes*, 832 S.W.2d at 426. Second, relator has failed to show that he lacks an adequate remedy at law for the alleged errors insofar as the judgment at issue herein has already been subject to a direct appeal. *See State ex rel. Young*, 236 S.W.3d at 210. Third, only the Texas Court of Criminal Appeals has jurisdiction over matters related to final post-conviction felony proceedings. *See* TEX. CODE CRIM. PROC. ANN. art. 11.07, § 5 (West, Westlaw through Ch. 46, 2015 R.S.); *Padieu v. Ct. of App. of Tex., Fifth Dist.*, 392 S.W.3d 115, 117 (Tex. Crim. App. 2013) (orig. proceeding); *Board of Pardons & Paroles ex rel. Keene v. Ct. of Apps. of Tx., Eighth Dist.*, 910 S.W.2d 481, 483 (Tex. Crim. App. 1995). Appellant may be able to obtain relief through a post-conviction writ of habeas corpus, but the availability of such a remedy is beyond the jurisdiction of this court. Accordingly, relator's petition for writ of mandamus is DENIED. *See* TEX. R. APP. P. 52.8(a).

Relator's motion to suspend the rules and to "excuse any errors in form, method, spelling, or manner of presentation and review "is likewise DENIED. We have construed liberally relator's pro se petition for writ of mandamus; however, we hold pro se litigants to the same standards as licensed attorneys and require them to comply with applicable laws and rules of procedure. *Mansfield State Bank v. Cohn*, 573 S.W.2d 181, 184–85

3

(Tex. 1978); *Washington v. Bank of New York*, 362 S.W.3d 853, 854 (Tex. App.—Dallas 2012, no pet.).

Relator's motion for leave to file the petition for writ of mandamus is DISMISSED AS MOOT. The Texas Rules of Appellate Procedure no longer require the relator to file a motion for leave to file an original proceeding. *See generally* TEX. R. APP. P. 52 & cmt.

PER CURIAM

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
2nd day of September, 2015.