

# NUMBER 13-16-00246-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

### IN RE LAKEITH RAQIB AMIR-SHARIF

### On Petition for Writ of Mandamus.

## MEMORANDUM OPINION

### Before Justices Benavides, Perkes, and Longoria
### Memorandum Opinion Per Curiam[1]

On May 2, 2016, relator Lakeith Raquib Amir-Sharif, proceeding pro se, filed a

petition for writ of mandamus through which he seeks to compel Zenaida Silva, the District

Clerk of Bee County, Texas, to issue citations for each of the named defendants in the

underlying case and to compel the trial court[2] to rescind or vacate an April 7, 2016 "stay"

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so."); TEX. R. APP. P. 47.4 (distinguishing opinions and memorandum opinions).

[2] This matter arises from trial court cause number B-16-1194-CV-A in the 36th District Court of Bee County, Texas. In addition to the district clerk, the relator has designated the respondents herein as the Honorable Janna Whatley, presiding judge of the 343rd District Court of Bee County, Texas, who issued

order.  The April 7, 2016 order (1) directs the clerk of the court to send all pleadings in the case to the Docketing Clerk, Law Enforcement Defense Division, Office of the Attorney General, (2) directs the Attorney General to review the pleadings pursuant to Chapter 14 of the Texas Civil Practice and Remedies Code and to file an amicus curiae advisory with the court within sixty days, and (3) requests the Attorney General to obtain authority to represent the defendants and answer on their behalf within 120 days after receipt of the order.

To be entitled to mandamus relief, the relator must demonstrate that the trial court clearly abused its discretion and the relator has no adequate remedy by appeal.  *In re Lee*, 411 S.W.3d 445, 463 (Tex. 2013) (orig. proceeding); *In re Reece*, 341 S.W.3d 360, 364 (Tex. 2011) (orig. proceeding); *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135–36 (Tex. 2004) (orig. proceeding).  A trial court clearly abuses its discretion if it reaches a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error of law or if it clearly fails to analyze the law correctly or apply the law correctly to the facts.  *In re Cerberus Capital Mgmt. L.P.*, 164 S.W.3d 379, 382 (Tex. 2005) (orig. proceeding) (per curiam).  The adequacy of an appellate remedy must be determined by balancing the benefits of mandamus review against the detriments.  *In re Team Rocket, L.P.*, 256 S.W.3d 257, 262 (Tex. 2008) (orig. proceeding).  This Court does not have mandamus jurisdiction over district clerks unless it is shown that issuance of the writ is necessary to enforce our jurisdiction.  *See* TEX. GOV'T CODE ANN. § 22.221(a), (b) (West, Westlaw through 2015 R.S.); *In re Simmonds,* 271 S.W.3d 874, 879 (Tex. App.—Waco 2008, orig. proceeding); *In re Smith*, 263 S.W.3d 93, 95 (Tex. App.—Houston [1st Dist.]

---

the April 7, 2016 order at issue, and the Honorable Joel B. Johnson, who was that same day assigned to handle the underlying case.

2006, orig. proceeding); *In re Washington*, 7 S.W.3d 181, 182 (Tex. App.—Houston [1st Dist.] 1999, orig. proceeding); *In re Coronado*, 980 S.W.2d 691, 692 (Tex. App.—San Antonio 1998, orig. proceeding).

Relator has filed a "Motion for Suspension of Rules in the Interest of Justice Being Done," through which he requests that "the appellate rules be suspended within reason so that this appeal [sic] is not defeated because of some inconsequential, procedural, technical, or remedial defect." We liberally construe pro se pleadings and briefs. *Washington v. Bank of N.Y.*, 362 S.W.3d 853, 854 (Tex. App.—Dallas 2012, no pet.). However, we hold pro se litigants to the same standards as licensed attorneys and require them to comply with applicable laws and rules of procedure. *Mansfield State Bank v. Cohn*, 573 S.W.2d 181, 184–85 (Tex. 1978); *Washington*, 362 S.W.3d at 854. To do otherwise would give a pro se litigant an unfair advantage over a litigant who is represented by counsel. *Mansfield State Bank,* 573 S.W.2d at 185; *Shull v. United Parcel Serv.*, 4 S.W.3d 46, 53 (Tex. App.—San Antonio 1999, pet. denied). Accordingly, we DENY relator's motion for the suspension of the rules.

The Court, having examined and fully considered the petition for writ of mandamus, is of the opinion that we lack jurisdiction to consider the mandamus as against the District Clerk and that relator has failed to meet his burden to obtain mandamus relief against the trial court. Accordingly, the petition for writ of mandamus is DISMISSED in part regarding relator's claims against the District Clerk and DENIED in part insofar as relator seeks relief against the trial court.

PER CURIAM

Delivered and filed the
5th day of May, 2016.

3