**Emmett WASHINGTON, Appellant,**

v.

**BANK OF NEW YORK, As Trustee for the Certificateholders, CWABS, Inc., Asset–Backed Certificates, Series 2004–7, Appellee.**

No. 05–10–00450–CV.

Court of Appeals of Texas, Dallas.

March 13, 2012.

Michael Brinkley, Brinkley Law PLLC, Ft. Worth, TX, Emmett Washington, Garland, TX, for Appellant.

Anthony Waddell, Barrett Daffin Frappier Turner & Engel, LLP, Addison, TX, Robert F. Maris, Robert S. Alcorn, Matthew Wiley Lindsey, Maris & Lanier, P.C., Dallas, TX, for Appellee.

Before Justices BRIDGES, O'NEILL, and FILLMORE.

## OPINION

Opinion By Justice BRIDGES.

Emmett Washington appeals the trial court's judgment granting possession of certain real property to the Bank of New York, as trustee for the certificateholders, CWABS, Inc., asset-backed certificates series 2004–7. This Court, by letter dated June 9, 2011, notified Washington that his pro se brief[1] did not comply with the rules of appellate procedure and directed him to file an amended brief that complied with rule 38.1. In response, appellant filed on June 20, 2011 a document entitled "Affidavit of Notice of Appeal and Counterclaim." However, this document also failed to comply with the rules of appellate procedure.

We construe liberally pro se pleadings and briefs; however, we hold pro se litigants to the same standards as licensed attorneys and require them to comply with applicable laws and rules of procedure. *Mansfield State Bank v. Cohn*, 573 S.W.2d 181, 184–85 (Tex.1978). To do otherwise would give a pro se litigant an unfair advantage over a litigant who is represented by counsel. *Shull v. United Parcel Serv.*, 4 S.W.3d 46, 53 (Tex. App.-San Antonio 1999, pet. denied). The law is well established that, to present an issue to this Court, a party's brief shall contain, among other things, a concise, nonargumentative statement of the facts of the case, supported by record references, and a clear and concise argument for the contention made with appropriate citations to authorities and the record. Tex.R.App. P. 38.1; *McIntyre v. Wilson*, 50 S.W.3d 674, 682 (Tex.App.-Dallas 2001, pet. denied). Bare assertions of error, without argument or authority, waive error. *See Sullivan v. Bickel & Brewer*, 943 S.W.2d 477, 486 (Tex.App.-Dallas 1995, writ denied); *see also Fredonia State Bank v. Gen. Am. Life Ins. Co.*, 881 S.W.2d 279, 284 (Tex.1994) (appellate court has discretion to waive point of error due to inadequate briefing). When a party fails to

---

1. Washington did not file an appellant's brief. Instead, Washington filed a document entitled "Uncontested Affidavit."

adequately brief a complaint, he waives the issue on appeal. *Devine v. Dallas County,* 130 S.W.3d 512, 514 (Tex.App.-Dallas 2004, no pet.); *Howell v. T S Commc'ns, Inc.,* 130 S.W.3d 515, 518 (Tex.App.-Dallas 2004, no pet).

In his "brief," Washington[2] appears to argue his attorney's legal representation was unprofessional, and he is entitled to reversal of the trial court's judgment. However, Washington has failed to provide us with argument, analysis, or authorities that make his appellate complaints viable. *See* Howell, 130 S.W.3d at 518. By failing to adequately brief his complaints, Washington has waived our review of his complaints. *See Sullivan,* 943 S.W.2d at 486 (concluding appellant had waived points not supported by argument and authority). Further, appellant has failed to request a reporter's record; thus, appellant has failed to bring forward a sufficient record to show error in the trial court's judgment. *See Bielamowicz v. Cedar Hill Indep. Sch. Dist.,* 136 S.W.3d 718, 722 (Tex.App.-Dallas 2004, pet. denied). Accordingly, we need not further address Washington's complaints.

We affirm the trial court's judgment.

2. We note that, among other documents, appellant attached to his "Uncontested Affidavit" filed in this Court a February 2, 2009 order in another proceeding in which Judge Ken Tapscott determined appellant was a vexatious litigant.