**AFFIRMED; Opinion Filed February 27, 2014.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-13-00633-CV

## THOMAS J. ELLIS, Appellant
### V.
## THE RENAISSANCE ON TURTLE CREEK CONDOMINIUM ASSOCIATION, INC., Appellee

On Appeal from the County Court at Law No. 3
Dallas County, Texas
Trial Court Cause No. CC-13-01827-C

## MEMORANDUM OPINION

Before Justices Moseley, Francis, and Lang
Opinion by Justice Moseley

Thomas J. Ellis owned a condominium at The Renaissance on Turtle Creek. He now appeals from the trial court's order granting possession of the condominium to The Renaissance on Turtle Creek Condominium Association, Inc. (Association) after the Association purchased the condominium at a sheriff's sale. Ellis presents a single issue: "Did the Justice Court lack jurisdiction on the forcible detainer given there was (and still is) a clear dispute over proper title and the superior right to immediate possession?" The background of the case and the evidence adduced below are well known to the parties; thus, we do not recite them here. Because the dispositive issue is settled in law, we issue this memorandum opinion. TEX. R. APP. P. 47.2(a), 47.4. Because Ellis's amended brief does not comply with our appellate rules, we conclude nothing is presented for review and we affirm the trial court's judgment.

Ellis has represented himself throughout this case. Although he is pro se, Ellis is required to adhere to the rules of evidence and procedure, including our appellate rules of procedure. *See Bolling v. Farmers Branch Indep. Sch. Dist.*, 315 S.W.3d 893, 895 (Tex. App.—Dallas 2010, no pet.). Our appellate rules have specific requirements for briefing that require, among other things, that an appellant provide a statement of the case, which includes references to the record; a statement of facts, which includes references to the record; a summary of the argument; and an argument that is clear and concise with appropriate citations to authorities and the record. TEX. R. APP. P. 38.1 (d), (g), (h), and (i). Only when we are provided with proper briefing may we discharge our responsibility to review the appeal and make a decision that disposes of the appeal. We are not responsible for searching the record for facts that may be favorable to a party's position. *See Bolling*, 315 S.W.3d at 895. If we did so, even for a pro se litigant untrained in law, we would be abandoning our role as judges and become an advocate for that party. *See id.*

When deciding whether an appellant's brief is deficient, we do not adhere to any rigid rule about the form of a brief. Pro se litigants may not be versed in the form of briefing favored by seasoned appellate practitioners. We do, however, examine briefs for compliance with prescribed briefing rules, including rule 38.1. TEX. R. APP. P. 38.1. If we can conclude a brief complies with the Texas Rules of Appellate Procedure, we submit the appeal for review and decision on the merits. In this case, we conclude Ellis's amended brief fails to comply with our briefing rules.

Although Ellis presented an issue as he was required to do by rule 38.1(f), his amended brief does not make any argument about the justice court's jurisdiction. Rather, his amended brief provides a history of his disputes with the Association (without any citations to the record). The amended brief also includes a section titled "Statement of Facts;" not only do the statements in this section not state the facts relating to this appeal, but the section includes no citations to the

record.  There are not any citations to the record anywhere in Ellis's amended brief.  Bare assertions of error without citation to the record waive error.  *Washington v. Bank of New York*, 362 S.W.3d 853, 854 (Tex. App.—Dallas 2012, no pet.).  Further, although Ellis's amended brief includes a list of authorities, he does not make any argument citing authorities.

We gave Ellis an opportunity to cure the defects in his briefing.  Ellis filed his initial brief on August 30, 2013.  On September 10, 2013, we notified Ellis that his brief was deficient and provided him with an opportunity to amend.  Ellis's amended brief was received on September 20, 2013.  However, his amended brief also does not comply with our briefing rules.

Because Ellis's amended brief does not provide a statement of the case, a proper statement of facts, which includes references to the record, a summary of his argument, or an argument that is clear and concise with appropriate citations to authorities and the record, his amended brief fails to comply with our rules.  *See* TEX. R. APP. P. 38.1 (d), (g), (h), and (i); *Bolling*, 315 S.W.3d at 896.  Ellis has failed to present his argument for review and has waived his complaint.

We affirm the trial court's judgment.


/Jim Moseley/
JIM MOSELEY
130633F.P05                                                    JUSTICE



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

THOMAS J. ELLIS, Appellant

No. 05-13-00633-CV          V.

THE RENAISSANCE ON TURTLE
CREEK CONDOMINIUM
ASSOCIATION, INC., Appellee

On Appeal from the County Court at Law
No. 3, Dallas County, Texas
Trial Court Cause No. CC-13-01827-C.
Opinion delivered by Justice Moseley.
Justices Francis and Lang participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

It is **ORDERED** that appellee The Renaissance on Turtle Creek Condominium Association, Inc. recover its costs of this appeal and the full amount of the trial court's judgment from appellant Thomas J. Ellis.

Judgment entered this 27th day of February, 2014.


/Jim Moseley/
JIM MOSELEY
JUSTICE