**AFFIRMED; Opinion Filed October 23, 2014.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-13-01241-CV

### TIMOTHY HOLZ, Appellant
### V.
### UNITED STATES OF AMERICA CORP., REBECCA TAMEZ, CHARLES EDWARD SAMUELS, JR., T. PASSANITI, J. MARR, K. GABRIELSON, AND CHARLES LERMA, ET AL., Appellees

**On Appeal from the 192nd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-13-05101**

## MEMORANDUM OPINION

Before Justices FitzGerald, Fillmore, and Stoddart
Opinion by Justice Stoddart

Appellant Timothy Holz, a prison inmate, appeals the trial court's order of dismissal of his case pursuant to section 14.003 of the Texas Civil Practice and Remedies Code. The trial court found that Holz failed to comply with section 14.004 of the code. Holz presents three issues in this appeal: "(1) Did Appellant submit 3 yrs [sic] Certified Trust Account Statement's [sic] with his Original Petition Requesting Leave to Proceed in forma pauperis? (2) Did Appellant fail to submit a [sic] affidavit relating to previous filing's [sic], [or did the deputy clerk fail to include one with his petition requesting leave to proceed in forma pauperis?] [?] (3) If the clerk failed to send one with the above affidavit of indigency, and petitions for IFP leave to proceed should this appeal be remanded with instruction's [sic] for further proceeding's [sic] [such as the clerk sending him an affidavit relating to previous filing's [sic] requesting him to fill

it out, and return within 30 days]?" After reviewing the record and considering Holz's arguments, we affirm the trial court's order of dismissal.

Holz has represented himself throughout this case. Although he is pro se, Holz is required to adhere to the rules of procedure, including our appellate rules of procedure. *See Bolling v. Farmers Branch Indep. Sch. Dist.*, 315 S.W.3d 893, 895 (Tex. App.—Dallas 2010, no pet.). Our appellate rules have specific requirements for briefing that require, among other things, that an appellant provide a statement of facts, which includes references to the record, and an argument that is clear and concise with appropriate citations to authorities and the record. TEX. R. APP. P. 38.1(g), (i). Only when we are provided with proper briefing may we discharge our responsibility to review the appeal and make a decision that disposes of the appeal. We are not responsible for searching the record for facts that may be favorable to a party's position. *See Bolling*, 315 S.W.3d at 895. We also are not responsible for doing the legal research to find authorities that might support a party's contentions. *See id.* If we did so, even for a pro se litigant untrained in law, we would be abandoning our role as judges and become advocates for that party. *See id*.

When deciding whether an appellant's brief is deficient, we do not adhere to any rigid rule about the form of a brief. Pro se litigants may not be versed in the form of briefing favored by seasoned appellate practitioners. We do, however, examine briefs for compliance with prescribed briefing rules, including rule 38.1. *See* TEX. R. APP. P. 38.1. If we can conclude a brief complies with the Texas Rules of Appellate Procedure, we submit the appeal for review and decision on the merits. In this case, we conclude Holz's amended brief fails to comply with our briefing rules.

Holz's amended brief fails to provide a statement of facts supported by record references. *See* TEX. R. APP. P. 38.1(g). His amended brief also does not contain a clear and concise

argument with appropriate citations to the record and supporting authorities. *See* TEX. R. APP. P. 38.1(i); *Washington v. Bank of New York*, 362 S.W.3d 853, 854 (Tex. App.—Dallas 2012, no pet.)(bare assertions of error without argument or authority waive error). Although Holz cites a single authority, it only appears in his prayer for relief.

We gave Holz an opportunity to cure the defects in his briefing. Holz filed his initial brief on November 1, 2013. On December 2, 2013, we notified Holz that his brief was deficient and provided him with an opportunity to amend. Holz's amended brief was filed on February 11, 2014. However, his amended brief also does not comply with our briefing rules.

Because Holz's amended brief does not provide appropriate citations to the record or authorities to support his arguments, his amended brief fails to comply with our rules. *See* TEX. R. APP. P. 38.1(g), (i). Holz has failed to present his arguments for review and he has waived his complaint.

We affirm the trial court's order of dismissal.

/Craig Stoddart/
CRAIG STODDART
JUSTICE

131241F.P05



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

TIMOTHY HOLZ, Appellant

No. 05-13-01241-CV       V.

UNITED STATES OF AMERICA, CORP.,
REBECCA TAMEZ, CHARLES EDWARD
SAMUELS, JR., T. PASSANITI, J. MARR,
K. GABRIELSON, AND CHARLES
LERMA, ET AL., Appellees

On Appeal from the 192nd Judicial District
Court, Dallas County, Texas
Trial Court Cause No. DC-13-05101.
Opinion delivered by Justice Stoddart.
Justices FitzGerald and Fillmore
participating.

In accordance with this Court's opinion of this date, the order of dismissal of the trial court is **AFFIRMED**.

It is **ORDERED** that each party bear its own costs of this appeal.

Judgment entered this 23rd day of October, 2014.