**AFFIRMED; Opinion Filed January 26, 2017.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-16-00405-CV

## IN THE INTEREST OF K.R.P.C., A CHILD

**On Appeal from the 59th Judicial District Court**
**Grayson County, Texas**
**Trial Court Cause No. FA-16-0099**

## MEMORANDUM OPINION

Before Chief Justice Wright, Justice Lang-Miers, and Justice Myers
Opinion by Justice Myers

James Perry appeals the trial court's order dismissing with prejudice his petition for access to his granddaughter. We affirm the trial court's judgment.

### PRO SE PARTIES

Perry is pro se before this Court. We liberally construe pro se pleadings and briefs. *Washington v. Bank of N.Y.*, 362 S.W.3d 853, 854 (Tex. App.—Dallas 2012, no pet.). However, we hold pro se litigants to the same standards as licensed attorneys and require them to comply with applicable laws and rules of procedure. *Mansfield State Bank v. Cohn*, 573 S.W.2d 181, 184–85 (Tex. 1978); *Washington*, 362 S.W.3d at 854. To do otherwise would give a pro se litigant an unfair advantage over a litigant who is represented by counsel. *Shull v. United Parcel Serv.*, 4 S.W.3d 46, 53 (Tex. App.—San Antonio 1999, pet. denied).

## BACKGROUND

Perry is the adoptive father of William, who is the father of the grandchild. The parental rights of the grandchild's mother have been terminated, but William's parental rights have not been terminated. The grandchild resides with William.

In January 2016, Perry filed his original petition for grandparent access. Perry was pro se in the trial court, and his pleadings are not a model of clarity. It appears he claims standing under the provisions of sections 153.432 to 153.434 of the Family Code regarding a grandparent's right to access to a grandchild or under chapter 156 regarding modification of a court order in a suit affecting the parent child relationship. TEX. FAM. CODE ANN. §§ 153.432–.434 (West 2014 & Supp. 2016); *id.* § 156.101 (West 2014). William moved for dismissal of the petition, asserting Perry failed to allege necessary facts under sections 153.432 and 153.433 and lacked standing under chapter 156. The trial court granted the motion to dismiss and dismissed the suit with prejudice.

## RIGHTS OF GRANDPARENT

"[T]he Due Process Clause of the Fourteenth Amendment protects the fundamental right of parents to make decisions concerning the care, custody, and control of their children." *Troxel v. Granville*, 530 U.S. 57, 66 (2000). The State has enacted a statute permitting a court to order visitation by a grandparent with a grandchild against the wishes of the grandchild's parent in limited circumstances.

Section 153.432 of the Family Code permits a grandparent to petition a court for possession of or access to a grandchild by filing "(1) an original suit; or (2) a suit for modification as provided by Chapter 156." FAM. § 153.432(a) (West 2014). The grandparent filing suit must execute an affidavit that includes an allegation that denial of possession of or access to the grandchild by the grandparent would significantly impair the grandchild's physical

health or emotional well-being. The court must "deny the relief and dismiss the suit unless the court determines the facts stated in the affidavit, if true, would be sufficient to support the relief authorized under Section 153.433." *Id.* § 153.432(c).

Section 153.433 sets three requirements that must be met before the court may order possession by or access to the grandchild by the grandparent. The third requirement is that the parent who is the child of the grandparent,

> (A) has been incarcerated in jail or prison during the three-month period preceding the filing of the petition;
>
> (B) has been found by a court to be incompetent;
>
> (C) is dead; or
>
> (D) does not have actual or court-ordered possession of or access to the child.

*Id.* § 153.433(a)(3). If this requirement is not met, then the court may not order relief and must dismiss the suit, regardless of whether it is brought as an original petition or a suit for modification of an existing order. *See id.* § 153.432(a), (c).

In this case, Perry's affidavits fail to show that William was in jail or prison, found to be incompetent, is dead, or that he did not have possession of the grandchild. Accordingly, the trial court did not err by dismissing Perry's suit, regardless of whether it was an original petition for access or a suit for modification.

In his brief in this Court and his arguments in the trial court, Perry relies on the Supreme Court's opinion in *Troxel v. Granville*, arguing *Troxel*

> is saying that if it can be shown that a parent is treating his child like a chattel when allowing or denying visitation by a significant third party, and that the child has had positive history in previous interaction with that third party, that the States should intervene on behalf of the child to determine if some standard visitation would benefit the welfare of the child and be granted by the Court.

Perry misreads *Troxel*. The Supreme Court's opinion does not provide rights to grandparents, nor does it authorize courts to intervene on behalf of the child and order visitation with "a

–3–

significant third party" against the wishes of the child's parents merely because the court found the visitation would benefit the child. Instead, the Court held a Washington statute unconstitutional because it permitted the courts to award visitation to anyone if the court found the "visitation may serve the best interest of the child" without requiring the courts to give any weight to the parents' determination concerning visitation with the person. *See Troxel*, 530 U.S. at 67–70. The Court stated, "[T]he Due Process Clause does not permit a State to infringe on the fundamental right of parents to make child-rearing decisions simply because a state judge believes a 'better' decision could be made." *Id.* 72–73. Texas's laws concerning grandparents' right of possession or access protect the fundamental rights of the parents to determine who has possession of or access to their children and permit the courts to interfere in those decisions only in limited, defined circumstances. Perry's case does not meet those circumstances, and *Troxel* does not provide him any right to visitation.

We overrule Perry's issues on appeal.

## CONCLUSION

We affirm the trial court's judgment.

/Lana Myers/
LANA MYERS
JUSTICE

160405F.P05

–4–



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

IN THE INTEREST OF K.R.P.C., A CHILD

No. 05-16-00405-CV

On Appeal from the 59th Judicial District Court, Grayson County, Texas
Trial Court Cause No. FA-16-0099.
Opinion delivered by Justice Myers. Chief Justice Wright and Justice Lang-Miers participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

It is **ORDERED** that appellee William D. Perry recover his costs of this appeal from appellant James J. Perry.

Judgment entered this 26th day of January, 2017.