**Affirmed; Opinion Filed January 24, 2018.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-17-00484-CV

**JEFFREY A. LIPSCOMB, Appellant**
**V.**
**CITY OF DALLAS, Appellee**

**On Appeal from the County Court at Law No. 1**
**Dallas County, Texas**
**Trial Court Cause No. CC-16-01756-A**

# MEMORANDUM OPINION

Before Justices Bridges, Myers, and Schenck
Opinion by Justice Myers

Jeffrey A. Lipscomb appeals the dismissal of his case for want of subject-matter jurisdiction based on the City's plea to the jurisdiction. Appellant brings one issue on appeal that appears to assert the trial court erred by granting the City's motion for continuance and by not holding a hearing on the merits of appellant's case. We affirm the trial court's judgment.

Appellant is pro se before this Court. We liberally construe pro se pleadings and briefs. *Washington v. Bank of N.Y.*, 362 S.W.3d 853, 854 (Tex. App.—Dallas 2012, no pet.). However, we hold pro se litigants to the same standards as licensed attorneys and require them to comply with applicable laws and rules of procedure. *Mansfield State Bank v. Cohn*, 573 S.W.2d 181, 184–85 (Tex. 1978); *Washington*, 362 S.W.3d at 854. To do otherwise would give a pro se

litigant an unfair advantage over a litigant who is represented by counsel. *Shull v. United Parcel Serv.*, 4 S.W.3d 46, 53 (Tex. App.—San Antonio 1999, pet. denied).

Liberally construing appellant's pleadings, he appears to allege in his original petition that he was falsely arrested and taken to a hospital against his will and that City employees stole his property. Appellant requested damages of $11 million and payment of his medical expenses. The original petition purported to sue the Dallas Police Department. The City moved to dismiss, asserting the police department was not a jural entity subject to suit. Appellant then filed amended and supplemental petitions suing the City instead of the police department. The City filed a plea to the jurisdiction asserting its governmental immunity was not waived for appellant's claims of false arrest and theft. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 101.057(2) (West 2011) (Tort Claims Act's waiver of immunity "does not apply to a claim . . . arising out of assault, battery, false imprisonment, or any other intentional tort . . ."). The City also filed a motion for continuance requesting the trial date be postponed so the trial court would have time to rule on the plea to the jurisdiction before trial. The trial court granted the motion for continuance. The trial court held a hearing on the plea to the jurisdiction, but appellant did not attend the hearing. The trial court and the attorney for the City described the steps they took to locate appellant and to notify him of the hearing date. The trial court granted the plea to the jurisdiction and dismissed the suit.

Appellant timely filed a notice of appeal. However, appellant's brief fails to comply with the rules of appellate procedure. *See* TEX. R. APP. P. 9.4(d), (e), (i); *id.* 38.1(c), (d), (f), (g), (h), (i), (j), (k). This Court sent appellant a letter notifying him of these defects and requesting that he file an amended brief that complied with the Rules of Appellate Procedure. The letter warned appellant that the failure to file a brief that complied with the Rules of Appellate Procedure could result in dismissal of his appeal. Appellant did not file an amended brief.

Besides the above defects, appellant's brief contains no cognizable argument pertaining to the proceedings in the trial court. Construed liberally, appellant's issue on appeal appears to complain of the trial court's granting the City's motion for continuance and the failure to hold a hearing on the merits of his petition.[1] However, the argument section of appellant's brief does not appear to address whether the trial court abused its discretion by granting the motion for continuance. Appellant was not entitled to a hearing on the merits of his suit unless the trial court had subject-matter jurisdiction over the suit. *See RSL Funding, LLC v. Pippins*, 499 S.W.3d 423, 429 (Tex. 2016) ("[A]bsent jurisdiction, a court cannot address the merits of a case."). We apply an abuse-of-discretion standard to review a trial court's decision to grant a motion for continuance. *Vitol, Inc. v. Harris Cnty. Appraisal Dist.*, 529 S.W.3d 159, 176 (Tex. App.—Houston [14th Dist.] 2017, no pet.).

Appellant's argument does not address the City's plea to the jurisdiction and does not demonstrate that the trial court abused its discretion by granting the plea to the jurisdiction.[2] Therefore, appellant has not shown the trial court erred by not holding a hearing on the merits of his suit. We overrule appellant's issue on appeal.

---

[1] Appellant's statement of the issue on appeal is:

> My Issues in oration, were only used in hearing instead of trial. Petitions of Original, Amended and Supplemental were filed and trial dates were postponed. Many efforts were used to officiate a denial or dismissal decision. Court dates were never conducted and explaination [sic] was the escape instead of reasonable justice or processes to get such.

[2] Appellant's summary of the argument is:

> I, Jeffrey A. Lipscomb have been abused in several lawsuits overriding one another with more abuse and more conspiratorial delay. True justice can't be rendered without court-of-law proceedings with qualified officials with true testimony and oratory explanation [sic] instead of rhetoric. Root cause of such corruption can easily be traced on my Behalf to the "Al Lipscomb" City Council tenure beginning in 1984 A.D. when Civil Rights became "EVIL RIGHTS."

Appellant's argument is:

> Communication is laxed [sic] due to root cause. Trail [sic] dates can only be done pro-se with legal binding accords to the U.S. Constitution. Street living, due to root cause, can also jeopardize court proceedings.

We affirm the trial court's judgment.

/Lana Myers/
LANA MYERS
JUSTICE

170484F.P05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

JEFFREY A. LIPSCOMB, Appellant

No. 05-17-00484-CV          V.

CITY OF DALLAS, Appellee

On Appeal from the County Court at Law No. 1, Dallas County, Texas
Trial Court Cause No. CC-16-01756-A.
Opinion delivered by Justice Myers. Justices Bridges and Schenck participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

It is **ORDERED** that appellee CITY OF DALLAS recover its costs of this appeal from appellant JEFFREY A. LIPSCOMB.

Judgment entered this 24th day of January, 2018.