**AFFIRM; and Opinion Filed June 28, 2018.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-17-00340-CV

## IN THE MATTER OF GABRIELLE RENEE COLEMAN
## AND KORWIN JEANEL WILBURN

**On Appeal from the 292nd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. CV15-00661V**

## MEMORANDUM OPINION

Before Justices Francis, Fillmore, and Whitehill
Opinion by Justice Fillmore

Korwin Jeanel Wilburn appeals from a protective order entered in favor of his ex-girlfriend, Gabrielle Renee Coleman. *See* TEX. FAM. CODE ANN. §§ 71.001–87.004 (West 2014 & Supp. 2017). In his pro se brief, Wilburn complains in four issues that the trial court erred by holding a hearing on Coleman's application for protective order when Wilburn was not represented by counsel. We affirm the trial court's order.

Wilburn filed his initial brief on September 15, 2017. On October 6, 2017, we sent notice to Wilburn that his brief did not satisfy requirements of Texas Rule of Appellate Procedure 38.1 because, among other deficiencies, the argument in the brief was not supported by citations to authorities and to the record. Wilburn filed an amended brief on October 30, 2017. We entered an order on November 16, 2017, advising Wilburn the amended brief failed to correct the deficiencies noted in the October 6th letter. We ordered Wilburn to file, by November 27, 2017,

a second corrected brief and cautioned him that failure to do so would result in the appeal being submitted based on the October 30, 2017 brief. Wilburn did not file a second amended brief by November 27, 2017. Coleman filed an appellate brief on December 12, 2017, arguing Wilburn's appeal should be dismissed because the October 30, 2017 brief failed to comply with the rules of appellate procedure and presented nothing for this Court to review. Wilburn filed a reply brief on December 22, 2017, asserting "[p]ro se litigants are not expected to be a [sic] versed in briefing as a seasoned appellant attorney and should not be treated as one when an attorney can be appointed to help them." The appeal was submitted to the Court based on Wilburn's October 30, 2017 amended brief.

In the October 30, 2017 amended brief, Wilburn complains in four issues that (1) the trial court erred by "excluding lack of representation presented at trial" and "not setting another trial date," (2) he was expecting his lawyer to be present at trial,[1] and (3) when his lawyer failed to appear, he "should have been allowed to receive the appropriate representation and a new trial date should have been set." Wilburn's argument on all four issues consists only of:

> Equal and Proper representation should be given to all representative of any trial. Having one side with legal representation and the other side with no representation is an affair [sic] disadvantage of any one's human rights under the United States law.

> This trial should have been postponed and rescheduled to allow for equal representation of both parties.

> Appellee Gabrielle Coleman had legal representation. Appellant Korwin Wilburn did not have legal representation, but wanted representation. Appellant Korwin Wilburn was at a great disadvantage.

We must construe the rules of appellate procedure reasonably, yet liberally, so that the right of appeal is not lost by imposing requirements not absolutely necessary to effect the purpose of

---

[1] The trial court's docket sheet indicates (1) the hearing was reset from January 30, 2017, to February 13, 2017, to allow Wilburn to consult with an attorney, (2) on February 13, 2017, two recesses were taken during the hearing to allow Wilburn to contact his attorney in a criminal matter to determine whether that attorney was also representing Wilburn in this case, and (3) after the second recess, Wilburn announced he was ready to proceed. The trial court's order reflects Wilburn appeared pro se during the hearing.

the rules. *Republic Underwriters Ins. Co. v. Mex-Tex, Inc.*, 150 S.W.3d 423, 427 (Tex. 2004); *Pak v. AD Villarai, LLC*, No. 05-14-01312-CV, 2018 WL 2077602, at *3 (Tex. App.—Dallas May 4, 2018, no pet. h.) (mem. op.). This includes how those rules apply to the pleadings and briefs of a pro se litigant. *Pak*, 2018 WL 2077602, at *3; *see also In re N.E.B.*, 251 S.W.3d 211, 211 (Tex. App.—Dallas 2008, no pet.). However, we also hold pro se litigants to the same standards as licensed attorneys and require them to comply with applicable laws and rules of procedure. *Washington v. Bank of N.Y.*, 362 S.W.3d 853, 854 (Tex. App.—Dallas 2012, no pet.). To do otherwise would give a pro se litigant an unfair advantage over a litigant who is represented by counsel. *Pak*, 2018 WL 2077602, at *3; *In re N.E.B.*, 251 S.W.3d at 212.

The Texas Rules of Appellate Procedure control the required contents and organization of an appellant's brief. *See* TEX. R. APP. P. 38.1; *ERI Consulting Eng'rs, Inc. v. Swinnea*, 318 S.W.3d 867, 880 (Tex. 2010). Under those rules, to present an issue to this Court, an appellant's brief must, among other things, concisely state all issues or points presented for review and "contain a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record." TEX. R. APP. P. 38.1(f),(i); *see also Pak*, 2018 WL 2077602, at *3 ("Rule 38 requires a party to provide us with such discussion of the facts and authorities relied upon as may be necessary to present the issue."). Bare assertions of error, without argument or authority, waive any error. *In re S.V.*, No. 05-16-00519-CV, 2017 WL 3725981, at *10 (Tex. App.—Dallas Aug. 30, 2017, pet. denied); *see also Fredonia State Bank v. Gen. Am. Life Ins. Co.*, 881 S.W.2d 279, 284 (Tex. 1994) (observing error may be waived by inadequate briefing). "When a party, despite notice and an opportunity to cure, fails to adequately brief a complaint, he waives the issue on appeal." *Nixon v. Attorney Gen. of Tex.*, No. 05-17-00582-CV, 2018 WL 3062349, at *2 (Tex. App.—Dallas June 21, 2018, no pet. h.) (mem. op.).

Although a respondent in a civil protective order proceeding does not have an automatic right to appointed counsel, *Turner v. Roberson*, No. 05-11-01272-CV, 2013 WL 2152636, at *4

(Tex. App.—Dallas May 17, 2013, no pet.) (mem. op.); *Gardner v. Reindollar*, No. 10-13-00249-CV, 2014 WL 1271776, at \*1 (Tex. App.—Waco Mar. 27, 2014, no pet.) (mem. op.), Wilburn is apparently asserting the trial court erred by not appointing counsel to represent him and by not continuing the hearing until Wilburn had counsel. Wilburn's initial brief, however, contained no authority to support his argument he was entitled to appointed counsel at the hearing on the application for protective order or that he properly requested, and was entitled to, a continuance because he did not have counsel. After this Court notified Wilburn that his brief was deficient because, among other things, it contained no authority to support his argument, Wilburn filed an amended brief. The amended brief also contained no authority to support Wilburn's arguments that he was entitled to either appointed counsel at the hearing on the application for the protective order or a continuance because he did not have representation. This Court informed Wilburn that his amended brief failed to correct the deficiencies, ordered him to file a second corrected brief, and cautioned him that his failure to file a second corrected brief would result in the appeal being submitted on the deficient amended brief. Wilburn failed to file a second corrected brief addressing the deficiencies noted by the Court.

Wilburn's amended brief contains "bare assertions of error" without any supporting authority. Accordingly, he has waived any complaint of error by the trial court. *See Fredonia State Bank*, 881 S.W.2d at 284; *Nixon*, 2018 WL 3062349, at \*2. We resolve Wilburn's four issues against him and affirm the trial court's order.

/Robert M. Fillmore/
ROBERT M. FILLMORE
JUSTICE

170340F.P05

–4–



# Court of Appeals
# Fifth District of Texas at Dallas
## JUDGMENT

IN THE MATTER OF GABRIELLE
RENEE COLEMAN AND KORWIN
JEANEL WILBURN

No. 05-17-00340-CV

On Appeal from the 292nd Judicial District
Court, Dallas County, Texas,
Trial Court Cause No. CV15-00661V.
Opinion delivered by Justice Fillmore,
Justices Francis and Whitehill participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

It is **ORDERED** that appellee Gabrielle Renee Coleman recover her costs of this appeal from appellant Korwin Jeanel Wilburn.

Judgment entered this 28th day of June, 2018.