**AFFIRMED; Opinion Filed May 6, 2019.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-18-00614-CV

**RODNEY L. TURNER, Appellant**
**V.**
**JENNIFER PERKINS, Appellee**

**On Appeal from the 298th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-17-15344**

## MEMORANDUM OPINION

Before Justices Myers, Molberg, and Carlyle
Opinion by Justice Myers

Rodney L. Turner appeals the trial court's judgment dismissing his defamation suit against

Jennifer Perkins. Turner brings one issue on appeal contending the trial court erred by ruling that

the immunity provided by section 107.009 of the Family Code applied to Perkins. We affirm the

trial court's judgment.

Turner was a party in a child-custody suit. Perkins is an attorney in the Dallas County

Public Defender's office and was appointed by the trial court in the child-custody suit to serve as

an amicus attorney to assist the court in protecting the best interest of the child and to make

recommendations regarding custody of and visitation with the child. *See* TEX. FAM. CODE ANN.

§§ 107.003, .005, .021. Turner alleged that Perkins made statements during the court proceedings

that damaged him, and he sued Perkins asserting causes of action for defamation and libel per se and for gross negligence.

Perkins moved to dismiss Turner's lawsuit asserting two grounds for dismissal. First, Perkins moved for dismissal under section 107.009 of the Family Code, which provides that an amicus attorney appointed under chapter 107 is not liable for damages for an action taken in the capacity of amicus attorney. *Id.* § 107.009(a). Second, Perkins moved for dismissal under section 101.106(f) of the Civil Practice and Remedies Code, which provides that when a government employee is sued for conduct within the employee's scope of employment and the suit could have been brought against the governmental unit, the employee may move that the suit be dismissed. If the employee makes such a motion, the trial court must dismiss the suit unless the plaintiff amends its pleadings to dismiss the employee and to name the governmental unit as the defendant. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 101.106(f). Turner did not file a response to the motion to dismiss, and he did not amend his petition. The trial court held a hearing on the motion to dismiss and granted it.

Turner is pro se on appeal. We liberally construe pro se pleadings and briefs. *Washington v. Bank of N.Y.*, 362 S.W.3d 853, 854 (Tex. App.—Dallas 2012, no pet.). However, we hold pro se litigants to the same standards as licensed attorneys and require them to comply with applicable laws and rules of procedure. *Mansfield State Bank v. Cohn*, 573 S.W.2d 181, 184–85 (Tex. 1978); *Washington*, 362 S.W.3d at 854. To do otherwise would give a pro se litigant an unfair advantage over a litigant who is represented by counsel. *Shull v. United Parcel Serv.*, 4 S.W.3d 46, 53 (Tex. App.—San Antonio 1999, pet. denied.

On appeal, Turner argues the immunity provided by section 107.009(a) of the Family Code does not apply because paragraph (b) states the immunity provided by paragraph (a) does not apply to an action taken "in bad faith or with malice" or "that is grossly negligent or wilfully wrongful."

*See* FAM. § 107.009(b)(2), (3).  However, Turner's brief does not address Perkins's motion to dismiss under section 101.106(f) of the Civil Practice and Remedies Code.  Because Turner's brief does not address Perkins's second ground for dismissal, he has not shown the trial court erred by granting the motion to dismiss.  We overrule Turner's issue on appeal.

We affirm the trial court's judgment.


/Lana Myers/
_____
LANA MYERS
JUSTICE

180614F.P05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

RODNEY L. TURNER, Appellant

No. 05-18-00614-CV      V.

JENNIFER PERKINS, Appellee

On Appeal from the 298th Judicial District Court, Dallas County, Texas
Trial Court Cause No. DC-17-15344.
Opinion delivered by Justice Myers.
Justices Molberg and Carlyle participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 6th day of May 2019.