**Affirm and Opinion Filed March 22, 2022**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-20-00970-CV**

**KESHA TERRY, Appellant**
**V.**
**ROBBIE BURNS, Appellee**

**On Appeal from the 68th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-18-10849**

## MEMORANDUM OPINION

Before Justices Myers, Osborne, and Nowell
Opinion by Justice Myers

Kesha Terry appeals the judgment setting aside the default judgment against

Robbie Burns and the summary judgment dismissing Terry's claims against Burns.

Terry brings two issues on appeal contending (1) the trial court erred by refusing to

apply Texas Property Code chapter 92; and (2) the trial court erred by failing to take

action to allow Terry to collect all money owed in this suit. We affirm the trial

court's judgment.

### BACKGROUND

On January 24, 2007, Terry was allegedly locked out of her apartment and

constructively evicted by the management of the apartment complex. On August

29, 2007, Terry filed a fair housing complaint with the U.S. Department of Housing and Urban Development. HUD investigated, but on May 12, 2009, it closed the case with "a determination of No Cause." Terry filed suit in federal district court on March 31, 2011, alleging violations of the federal Fair Housing Act and violations of Texas law. The federal district court dismissed Terry's claims. Terry appealed to the 5th Circuit Court of Appeals. *See Terry v. Inocencia*, 633 Fed. Appx. 281 (5th Cir. 2016) (per curiam) (mem. op.). The 5th Circuit affirmed the dismissal of Terry's federal fair-housing claims but remanded the case to the district court to decide whether to permit Terry to amend her state-law claims and whether to decline to exercise jurisdiction over those claims and dismiss the claims without prejudice so that Terry could refile her claims in the appropriate state court. *Id.* at 282. On March 13, 2016, the district court declined to exercise jurisdiction over Terry's state-law claims and dismissed the claims without prejudice so that Terry could file her claims in state court.

On August 13, 2018, Terry filed her original petition against various defendants in state district court in Dallas County.[1] The original petition did not expressly name Burns as a defendant. Instead, the petition listed as one of the

---

[1] *See Capitol Life Ins. Co. v. Newman*, No. 05-16-01476-CV, 2018 WL 4356573, at *2 (Tex. App.—Dallas Sept. 13, 2018, pet. denied) (Under TEX. CIV. PRAC. & REM. CODE ANN. § 16.064(a), "Texas law suspends the running of the applicable statute of limitations between the date of filing an action in a trial court and the date of a second filing of the same action in a different court, so long as the action is commenced in the second court no later than the 60th day after the date the dismissal becomes final."). Terry's suit in state court was filed more than two years after the dismissal of her federal claims.

defendants: "Defendant-Robbie, and Hagop Kofderali Registered agents of Chivas Square Apartments." On March 1, 2019, Terry filed her "Motion to Amend & Add Defendants to This Civil Case," including in the list of additional defendants "Robbie Burns-Registered Agent Chivas Square Apartments, LP." Service on Burns was by certified mail. Someone signed the receipt for the papers, but the return of service stated the receipt was "signed by signature not readable." Burns did not file an answer. Terry moved for a default judgment against Burns. On April 29, 2019, the trial court granted the motion for default judgment but did not include the amount of damages in the judgment. On March 5, 2020, Terry filed an abstract of judgment stating the judgment was for $4,300,000 against "Robbie Burns, as agent of Chivas Square Apartments."

On May 29, 2020, Burns filed the current lawsuit, which was a motion to set aside the default judgment as void or in the alternative a petition for bill of review. Burns alleged she was not named as a party in Terry's suit, she was not served, and that Terry failed to prove any damages in her lawsuit. Burns alleged the judgment was void because she was not served and was erroneous because Terry filed her claims against Burns after the statute of limitations had expired. Burns attached an affidavit stating she never resided at the address where Terry's petition was served, she did not sign and does not know who signed for the service of the petition, and that she was not personally served with any petition. Burns also stated she was never served with any of the materials Terry filed. Burns stated that the first notice she

received of the default judgment was in April 2020 when she received an abstract of judgment from Terry's counsel. The trial court granted Burns's motion to set aside the default judgment and granted the bill of review. Burns then filed an answer to Terry's lawsuit alleging a general denial and the affirmative defense of limitations.

Burns filed a motion to dismiss Terry's suit under Texas Rule of Civil Procedure 91a and, in the alternative, a motion for summary judgment. On the motion to dismiss under Rule 91a, Burns asserted Terry's claims had no basis in law or fact because her petition did not name Burns as a party and the petition did not allege facts identifying any specific damage-causing action by Burns. On the motion for summary judgment, Burns asserted Terry's claims were filed outside the statute of limitations because the claims were filed in 2018 but were based on conduct occurring in 2007. Terry filed a response to the motion for summary judgment. The trial court denied Burns's motion to dismiss under Rule 91a but granted Burns's motion for summary judgment. The court dismissed Terry's claims.

## PRO SE PARTIES

Terry is pro se before this Court. We liberally construe pro se pleadings and briefs. *Washington v. Bank of N.Y.*, 362 S.W.3d 853, 854 (Tex. App.—Dallas 2012, no pet.). However, we hold pro se litigants to the same standards as licensed attorneys and require them to comply with applicable laws and rules of procedure. *Mansfield State Bank v. Cohn*, 573 S.W.2d 181, 184–85 (Tex. 1978); *Washington*, 362 S.W.3d at 854. To do otherwise would give a pro se litigant an unfair advantage

–4–

over a litigant who is represented by counsel. *Shull v. United Parcel Serv.*, 4 S.W.3d 46, 53 (Tex. App.—San Antonio 1999, pet. denied).

## ANALYSIS

Terry brings two issues on appeal: (1) the trial court erred by refusing to apply Texas Property Code chapter 92;[2] and (2) the trial court erred by failing to take action to allow Terry to collect all money owed in this suit.

The legal issues before the trial court were whether the underlying default judgment against Burns should be vacated because Burns was allegedly not served properly or because she was not named in the petition. The trial court granted Burns's motion to set aside the default judgment and the petition for bill of review. Burns then answered and alleged the affirmative defense of the statute of limitations. Burns moved for summary judgment on the ground of limitations. The issue before the trial court under the motion for summary judgment was whether Burns conclusively proved her affirmative defense of limitations. The trial court granted the motion for summary judgment and dismissed Terry's claims against Burns.

As the appellant, Terry had the burden of showing the trial court erred by granting the motion to vacate the default judgment and granting the bill of review or erred by granting the motion for summary judgment. *See Murray v. Devco, Ltd.*, 731 S.W.2d 555, 557 (Tex. 1987) ("[T]he burden is on a party appealing from a trial

---

[2] Chapter 92 concerns the rights and duties of landlords and tenants in residential tenancies. *See generally* TEX. PROP. CODE ANN. §§ 92.001–.355.

court judgment to show that the judgment is erroneous in order to obtain a reversal."). Terry's brief on appeal, however, does not address these issues. Instead, her brief discusses how the defendants in the underlying case violated the Texas Property Code, how she presented the trial court with the decisions of the federal courts, and how she received a default judgment against Burns. She states that she, as the recipient of a default judgment, has the right to collect all money owed to her under the default judgment. She says the trial court was not fair to her and that the court treated her unfairly. However, Terry does not discuss the law applicable to the trial court's determinations that the default judgment should be vacated and the bill of review granted, and that Terry's claims were not filed within the statute of limitations. To prevail on appeal, Terry had to show these determinations were erroneous and constituted reversible error. *See id.*; *see also* TEX. R. APP. P. 44.1(a). Because Terry's brief does not address these determinations and does not attempt to explain why they were erroneous, we conclude Terry has failed to meet her burden of showing the trial court's judgment was erroneous.

We overrule Terry's issues on appeal.

## CONCLUSION

We affirm the trial court's judgment.

/Lana Myers//

LANA MYERS

JUSTICE

200970f.p05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

KESHA TERRY, Appellant

No. 05-20-00970-CV          V.

ROBBIE BURNS, Appellee

On Appeal from the 68th Judicial District Court, Dallas County, Texas Trial Court Cause No. DC-18-10849. Opinion delivered by Justice Myers. Justices Osborne and Nowell participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 22nd day of March, 2022.