**Affirmed and Opinion Filed June 22, 2022**



In the
## Court of Appeals
## Fifth District of Texas at Dallas

### No. 05-21-00120-CV

**BRUCE DWAIN COPELAND, Appellant**
**V.**
**NATIONSTAR MORTGAGE LLC, MR. COOPER HOME MORTGAGE,
AND THESSY ONYENEDUM, Appellees**

**On Appeal from the 192nd Judicial District Court
Dallas County, Texas
Trial Court Cause No. DC-20-15575**

## MEMORANDUM OPINION
Before Justices Myers, Carlyle, and Goldstein
Opinion by Justice Carlyle

In this lawsuit regarding a loan and deed of trust, pro se appellant Bruce Dwain Copeland appeals the trial court's order granting appellees' "Plea to the Court's Subject Matter Jurisdiction" and dismissing Mr. Copeland's claims.[1] We affirm the trial court's judgment in this memorandum opinion. *See* TEX. R. APP. P. 47.4.

---

[1] Though the record shows Mr. Copeland sued Nationstar Mortgage LLC (Nationstar), Mr. Cooper Home Mortgage, and Thessy Onyenedum in the trial court, appellee Nationstar states in its appellate brief, "Mr. Cooper Home Mortgage is not a proper Defendant as it does not exist. The proper defendant in this lawsuit is Nationstar Mortgage LLC d/b/a Mr. Cooper." No other appellee has filed a brief in this Court.

On May 25, 2006, in connection with a loan from Countrywide Home Loans, Inc., Mr. Copeland's then-wife, Kimberly R. Copeland, executed a note in the amount of $536,000.00 and both Mr. Copeland and Kimberly executed a deed of trust encumbering a California residential property. Mr. Copeland was not a borrower on the note. Nationstar was the loan servicer. On September 4, 2019, following Kimberly's default on the loan, the property was sold at a foreclosure sale.

On September 5, 2019, Mr. Copeland, no longer married to Kimberly, sued Nationstar and the property's purchaser in federal court in Texas. Later that same month, he also filed for Chapter 11 bankruptcy in the U.S. Bankruptcy Court for the Northern District of Texas.

After Nationstar obtained dismissal of the Texas federal court lawsuit, Mr. Copeland filed this state court action. Proceeding pro se, he alleged the defendants attempted to "steal" the California property and have refused "to provide a copy of the alleged proceeds of the refinancing done back in 2006" or "answer for the whereabouts of the funds that were allegedly given." He claimed fraud and Texas Deceptive Trade Practices Act violations against the three defendants generally. He also filed a supplemental petition adding causes of action against the defendants generally for "Violation of the security First Rule; Breach of Written Contract; Wrongful Foreclosure; Quiet Title: Cancellation of Instruments; Violation of the Rosenthal Fair Debt Collection Practices Act; negligence; negligent

misrepresentation; promissory estoppel; slander of title; Texas fair debt collections act."

The defendants filed a plea to the jurisdiction asking the trial court to dismiss Mr. Copeland's claims. They contended Mr. Copeland "lacks standing to bring this lawsuit because he is not a borrower on the Note and because [his] claims are property owned solely by the bankruptcy estate, and the bankruptcy trustee estate has exclusive standing to assert them." They also asserted that "Texas courts have routinely ruled that they may not exercise jurisdiction over similar claims because such claims would effectively, and improperly, require that a Texas judge adjudicate title to a real property interest in another state."

Mr. Copeland filed a response contending the motion to dismiss for lack of subject matter jurisdiction "should be denied because the issues raised are intertwined." He also filed a "Request for Judicial Notice" of several exhibits, including the 2006 deed of trust.

The trial court signed a February 26, 2021 order granting the defendants' plea to the jurisdiction and dismissing Mr. Copeland's claims for lack of subject matter jurisdiction.[2]

On appeal, Mr. Copeland asserts three issues: (1) appellees' argument that Mr. Copeland lacks standing "was made moot by the evidence presented in the

---

[2] Though the trial court's order states that it considered, among other things, "oral argument from the parties on February 23, 2020," the appellate record contains no reporter's record. *See* TEX. R. APP. P. 37.3(c).

appellant's request for judicial notice," which includes documents that "show [Mr. Copeland] listed as a joint tenant on the Deed of Trust"; (2) "appellant's Texas cause of action for violation of the Texas Fair Debt Collection Act cannot be subjected to the jurisdiction of another state"; and (3) the trial court's dismissal "conflicts with the Texas Supreme Court's order on the handling of cases with multiple jurisdictional issues."

Though we liberally construe pro se pleadings and briefs, we nevertheless hold pro se litigants to the same standards as licensed attorneys and require them to comply with applicable laws and rules of procedure. *Booker v. Mahmoudi*, No. 05-19-00048-CV, 2021 WL 5410519, at *1 (Tex. App.—Dallas Nov. 19, 2021, no pet.) (mem. op.) (citing *Washington v. Bank of N.Y.*, 362 S.W.3d 853, 854 (Tex. App.—Dallas 2012, no pet.)). To present an issue to this Court, an appellant's brief must contain, among other things, "a concise, nonargumentative statement of the facts of the case, supported by record references, and a clear and concise argument for the contention made with appropriate citations to authorities and the record." *Washington*, 362 S.W.3d at 854; TEX. R. APP. P. 38.1. "While we do not require rigid adherence regarding the form of a brief, we examine briefs closely for compliance with rules that govern the content of appellate briefs." *Hammonds v. Dallas Cty.*, No. 05-18-01433-CV, 2020 WL 948383, at *2 (Tex. App.—Dallas Feb. 27, 2020, no pet.) (mem. op.). When a party fails to adequately brief a complaint, it waives the issue

on appeal. *Booker*, 2021 WL 5410519, at *1 (citing *Devine v. Dallas Cty.*, 130 S.W.3d 512, 514 (Tex. App.—Dallas 2004, no pet.)).

Mr. Copeland filed his initial appellate brief on September 8, 2021. The Clerk of this Court notified him in a September 17, 2021 letter that his brief did not satisfy the requirements of Texas Rule of Appellate Procedure 38.1. The brief did not contain (1) an index of authorities; (2) a concise statement of the case, the course of proceedings, and the trial court's disposition of the case supported by record references; (3) a concise statement of facts supported by record references; and (4) appropriate citations to the record.

Though Mr. Copeland subsequently filed an amended brief, it does not comply with the appellate rules. It contains neither a statement of facts supported by record references nor any citations to the record in its argument. *See* TEX. R. APP. P. 38.1(g), (i). The statement of the case contains the only record citations in the entire brief, yet those citations are inaccurate. Additionally, Mr. Copeland's arguments pertaining to his first and second issues contain no citations to authority. *See* TEX. R. APP. P. 38.1(i). Though his argument pertaining to his third issue cites two cases and quotes a general statement of law from one of those cases, he does not explain or address how that statement of law applies here. Thus, Mr. Copeland's brief does not comply with rule 38.1. *See* TEX. R. APP. P. 38.1(g), (i) (appellant's brief must provide statement of facts "supported by record references" and "must contain a clear and

concise argument for the contentions made, with appropriate citations to authorities and to the record").

These deficiencies are not negligible matters of form but instead run afoul of "rules that govern the content of appellate briefs." *Booker*, 2021 WL 5410519, at *1 (citing *Hammonds,* 2020 WL 948383, at *2). Because Mr. Copeland has not complied with the rules of appellate procedure, we conclude his brief presents nothing for our review. *Id.*; *see also In re K.B.*, No. 05-20-00123-CV, 2022 WL 611208, at *6 (Tex. App.—Dallas Mar. 2, 2022, no pet.) (mem. op.) (concluding party that did not cite pertinent legal authority and apply law to facts of case waived appellate review).

We affirm the trial court's judgment.

/Cory L. Carlyle/
CORY L. CARLYLE
JUSTICE

210120f.p05



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

BRUCE DWAIN COPELAND,
Appellant

No. 05-21-00120-CV     V.

NATIONSTAR MORTGAGE LLC,
MR. COOPER HOME
MORTGAGE, AND THESSY
ONYENEDUM, Appellees

On Appeal from the 192nd Judicial
District Court, Dallas County, Texas
Trial Court Cause No. DC-20-15575.
Opinion delivered by Justice Carlyle.
Justices Myers and Goldstein
participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

It is **ORDERED** that appellees NATIONSTAR MORTGAGE LLC, MR. COOPER HOME MORTGAGE, AND THESSY ONYENEDUM recover their costs of this appeal from appellant BRUCE DWAIN COPELAND.

Judgment entered this 22nd day of June, 2022.