

# Fourth Court of Appeals

## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-24-00714-CV

Omar **ELIZONDO**, et al.,
Appellants

v.

**HILCORP ENERGY COMPANY** and Predecessors,
Appellees

From the 49th Judicial District Court, Zapata County, Texas
Trial Court No. 12,062
Honorable Jose A. Lopez, Judge Presiding

Opinion by:     Rebeca C. Martinez, Chief Justice

Sitting:          Rebeca C. Martinez, Chief Justice
                  H. Todd McCray, Justice
                  Velia J. Meza, Justice

Delivered and Filed: January 14, 2026

AFFIRMED

Pro se appellants Omar Elizondo and Ovidio Elizondo appeal from a summary judgment granted in favor of appellee Hilcorp Energy Company and its predecessors. In approximately twenty-five issues, appellants complain that Hilcorp did not properly e-serve them with its motion for summary judgment. We affirm.

# I. BACKGROUND

In the trial court, Omar Elizondo, proceeding pro se, filed an original petition naming appellee Hilcorp as a defendant. Omar's petition requested, among other things, declaratory and equitable relief relating to an oil and gas royalty dispute. Hilcorp filed an original answer that generally denied the allegations in Omar's petition and a petition in interpleader. Ovidio Elizondo, also proceeding pro se, later appeared alongside Omar Elizondo (collectively and singularly referred to as "Elizondo") on court filings as a plaintiff.

As the case progressed, Hilcorp moved for a traditional summary judgment on limitations grounds. Hilcorp e-served Elizondo with its summary judgment motion. *See* TEX. R. CIV. P. 21a(a)(1) ("A document filed electronically under Rule 21 must be served electronically through the electronic filing manager if the email address of the party or attorney to be served is on file with the electronic filing manager."). The trial court, through its court coordinator, e-mailed all parties, including Omar, an order setting hearing on Hilcorp's motion. The court coordinator used the same e-mail address that Hilcorp used to e-serve Elizondo: alma_omar@live.com. Elizondo filed no response to Hilcorp Energy's motion for traditional summary judgment. Instead, at the summary judgment hearing, Omar argued he did not receive Hilcorp's motion. The trial court conferred with court personnel about Omar's complaint:

CLERK: The e-mail is there, Judge.

OMAR: It was pending.

COURT: Right.

CLERK: It says alma_omar@life.com, 4/18/2024, sent.

COURT: Wait, wait. Oh, there. Here it is. Case contacts, that one? Okay. Here it is.

CLERK: Certificate of service of e-service.

. . .

HILCORP:      It's Alma.  It's his wife's e-mail address.

OMAR:         Then it says Omar.  I'm Omar.

COURT:        Hold on.  Hold on.  Which one is it?

OMAR:         It's Alma —

COURT:        I'm sorry.

CLERK:        Third to the last, Judge, of the first –

COURT:        Oh, okay.  Omar Elizondo.  alma_omar@live.com.  It says it was sent on April 18th at 11:43 in the morning; alma_omar@live.com.

OMAR:         Well, maybe I missed it.  I don't know.  Because I didn't get it.

COURT:        That is your e-mail.  Is that correct, sir?

OMAR:         That's her e-mail, yes, sir.

COURT:        Alma_omar@live.com?

OMAR:         That's it, yes.

COURT:        Okay.  So —

OMAR:         I mean, I need an opportunity with a jury —

After the hearing, the trial court signed an order granting Hilcorp's motion for traditional summary judgment.  Elizondo appealed from the summary judgment order.

After Elizondo perfected his appeal, he filed numerous motions, briefs, amended briefs and reply briefs.  We noted that these filings contained numerous errors in form and that it was difficult for us to determine the bases upon which Elizondo sought review.  We struck all of Elizondo's filings, and we ordered Elizondo to file a single brief that clearly set forth the issues he would like us to consider.  We cautioned Elizondo that his amended brief must comply with all the requirements of Texas Rules of Appellate Procedure 9.4 and 38.1(i), particularly the requirement

that an appellant's brief must provide the court with "a succinct, clear, and accurate statement of the arguments made in the body of the brief." *See* TEX. R. APP. P. 38.1(i).

Thereafter, Elizondo filed an amended brief, and we submitted the case without oral argument. Notwithstanding the clerk's marking of Elizondo's amended brief as filed, we advised Elizondo that his amended brief did not contain a statement of facts with record references and a proper legal argument with appropriate citations to the appellate record. *See* TEX. R. APP. P. 38.1(g), (i). In light of our pre-submission order identifying deficiencies in Elizondo's numerous previously filed briefs and affording Elizondo an opportunity to file an amended brief, we declined to allow further briefing. *Cf.* TEX. R. APP. P. 38.7 ("A brief may be amended or supplemented whenever justice requires, on whatever reasonable terms the court may prescribe.").

## II. DISCUSSION

As a pro se litigant, Elizondo is held to the same standards as a licensed attorney and must comply with all applicable procedural rules. *See Mansfield State Bank v. Cohn*, 573 S.W.2d 181, 184–85 (Tex. 1978) ("There cannot be two sets of procedural rules, one for litigants with counsel and the other for litigants representing themselves."). "The Texas Rules of Appellate Procedure require adequate briefing." *ERI Consulting Eng'rs, Inc. v. Swinnea*, 318 S.W.3d 867, 880 (Tex. 2010). It is well-settled that, under these rules, an appellant's brief must concisely state the facts, supported by record references, and contain a clear and concise argument for the contentions made with appropriate citations to authorities and to the appellate record. *See* TEX. R. APP. P. 38.1(g), (i); *Williams v. Stiles*, No. 04-18-00575-CV, 2020 WL 1277701, at *2 (Tex. App.—San Antonio Mar. 18, 2020, no pet.) (mem. op.). Elizondo's amended brief fails to abide by Texas Rule of Appellate Procedure 38.1 in two ways.

First, Elizondo's amended brief contains not a single reference to the appellate record. Instead, it references exhibits that Elizondo filed in this court. Hilcorp cautions that four of

Elizondo's exhibits "consist of excerpts and edited excerpts from Elizondo's post-summary judgment filings. While parts of these exhibits may be in the record in unedited form, the versions attached to Elizondo's [amended] [b]rief are not true copies of the documents in the record and should be disregarded." We have gratuitously attempted to reconcile one of Elizondo's exhibits to its corresponding filing in the clerk's record. *See Horton v. Stovall*, 591 S.W.3d 567, 570 (Tex. 2019) (per curiam) ("[N]othing prevents courts from undertaking reasonable efforts to locate evidence described in a [pro se] party's brief."). For example, the clerk's record contains an "URGENT OBJECTION Withdrawal of the Ruling for Defendant's Summary Judgment Judge Lopez: Immediate Response Required" that Omar filed on August 13, 2024. Elizondo's corresponding exhibit varies from the document in the clerk's record. Accordingly, we cannot rely on Elizondo's exhibits as an accurate representation of filings that the trial court may have considered. We will also not scour the clerk's record to substitute Elizondo's exhibit references with accurate record references. The original and supplemental clerk's record together span approximately nine-hundred-and-forty-three pages. Such an endeavor is not a reasonable use of judicial resources. *Cf. id*.

Second, Elizondo's amended brief conveys an inaccurate representation of the reporter's record as well. In his statement of facts, Elizondo writes:

> The Appellees are avoiding a court trial because the Appellants would provide facts to the small town people of Zapata, many who have also been robbed, as the Elizondos have; therefore, to prevent the exposure of facts; when the Appellant told Judge Lopez and everyone present in court that he had NEVER been served the document, the judge announced, "*I don't care, I am still ruling on this summary judgment*." (Exhibit C)

Elizondo's Exhibit C is not the reporter's record from the summary judgment hearing. We have nevertheless reviewed the reporter's record from the summary judgment hearing and recounted

the relevant portion. We cannot find where the trial court allegedly stated, "I don't care, I'm still ruling on this summary judgment."

Reading Elizondo's amended brief with "liberality and patience*," Li v. Pemberton Park Cmty. Ass'n*, 631 S.W.3d 701, 706 (Tex. 2021) (per curiam), appellants' primary complaint is that Omar was not properly e-served Hilcorp's motion for traditional summary judgment. Elizondo's amended brief not only contains no record references to how Omar presented appellants' complaint to the trial court, but it inaccurately portrays what transpired. In light of this deficiency — and inaccuracy — Elizondo has presented nothing for our review. *See Briggs v. Bank of Am., N.A.*, No. 04-16-00087-CV, 2017 WL 685764 at *2 (Tex. App.—San Antonio Feb. 22, 2017, no pet.) (mem. op.) ("When an appellant fails to cite applicable authority, fails to provide relevant citations to the record, or fails to provide substantive analysis for an issue presented in the brief, nothing is presented for our review."); *see also Washington v. Bank of N.Y.*, 362 S.W.3d 853, 854 (Tex. App.—Dallas 2012, no pet.) (bare assertions of error, without argument or authority, present nothing for review on appeal). Therefore, we conclude that Omar and Ovidio have waived their issues by inadequate briefing. *See* TEX. R. APP. P. 38.1(i); *Tindell v. Hildebrandt*, No. 04-23-00414-CV, 2025 WL 1063115, at *3 (Tex. App.—San Antonio Apr. 9, 2025, no pet.) (mem. op.) ("In short, [pro se appellant's] filings, including her amended brief, her letters, and her additional brief, present nothing for review because they include no record citations or record support and no legal citations or legal analysis.").

### III. CONCLUSION

The judgment of the trial court is affirmed.

Rebeca C. Martinez, Chief Justice