**AFFIRMED: Opinion Filed October 30, 2019**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-19-00020-CV

### BRENDA KAPPOS, Appellant
### V.
### DOUGLAS F. BAXTER, Appellee

**On Appeal from the 14th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-18-11757**

## MEMORANDUM OPINION

Before Justices Myers, Osborne, and Nowell
Opinion by Justice Myers

Brenda Kappos appeals the trial court's dismissal of her claims against Douglas F. Baxter under the Texas Citizens Participation Act (TCPA). TEX. CIV. PRAC. & REM. CODE ANN. §§ 27.001–.011.[1] Kappos brings three issues on appeal contending the trial court erred by granting Baxter's motion to dismiss. We affirm the trial court's judgment.

## BACKGROUND

In 2016, Kappos brought suit in the federal court for the Western District of Texas against multiple individuals, a trust, and California judicial entities and judicial officers. Baxter was a Deputy Attorney General for the State of California, and he was assigned to represent the

---

[1] The Texas Legislature amended the TCPA effective September 1, 2019. Those amendments apply to "an action filed on or after" that date. Act of May 17, 2019, 86th Leg., R.S., ch. 378, § 11, 2019 Tex. Sess. Law Serv. 684, 687. Because this lawsuit was filed before September 1, 2019, the law in effect before September 1 applies. *See* Act of May 21, 2011, 82d Leg., R.S., ch. 341, § 2, 2011 Tex. Gen. Laws 961–64, *amended by* Act of May 24, 2013, 83d Leg., R.S., ch. 1042, 2013 Tex. Gen. Laws 2499–2500. All citations to the TCPA are to the version before the 2019 amendments took effect.

California judicial officers and entities in the litigation. Baxter filed a motion to dismiss Kappos's claims against his clients, arguing the case should be dismissed under Federal Rule of Civil Procedure 12(b) and because the proper venue was California and not Texas. *See* FED. R. CIV. P. 12(b). Kappos responded, arguing that Baxter had made misrepresentations in the motion. The federal court rejected Kappos's arguments, but instead of dismissing, the court transferred venue of the case to the federal court for the Central District of California. The California federal district court granted the defendants' motion to dismiss for a variety of reasons. Less than a year later, Kappos brought this suit in Texas state district court against Baxter.

In this suit against Baxter, Kappos alleged Baxter "filed an egregiously false written statement in a federal court" stating "that a California state court had properly litigated a consolidated case of two actions and rendered a judgment" against Kappos. Kappos's allegations and argument appear to assert that there was no California state-court judgment against her because the court that rendered the judgment lacked jurisdiction, or because judgment was rendered on one part of the consolidated case but not on the other part. Kappos's petition in this suit alleged that Baxter's communications with the federal court stating there was a California state-court judgment constituted fraud, "abuse of process," gross negligence, and civil conspiracy. She sought actual and exemplary damages, an injunction, and declaratory relief.

Baxter moved for dismissal under the TCPA, asserting his communications with the federal court were the exercise of his right of free speech and his right to petition. He also asserted the defenses of attorney immunity and the judicial-proceedings privilege. Kappos filed a response to the motion. The trial court held a hearing on the motion and granted Baxter's motion to dismiss.

**PRO SE PARTIES**

Both Kappos and Baxter represented themselves in the trial court and before this Court. Kappos is not an attorney. We liberally construe the pleadings and briefs of pro se parties who are

–2–

not licensed attorneys. *Washington v. Bank of N.Y.*, 362 S.W.3d 853, 854 (Tex. App.—Dallas 2012, no pet.). However, we hold pro se litigants to the same standards as licensed attorneys and require them to comply with applicable laws and rules of procedure. *Mansfield State Bank v. Cohn*, 573 S.W.2d 181, 184–85 (Tex. 1978); *Washington*, 362 S.W.3d at 854. To do otherwise would give a pro se litigant an unfair advantage over a litigant who is represented by counsel. *Shull v. United Parcel Serv.*, 4 S.W.3d 46, 53 (Tex. App.—San Antonio 1999, pet. denied).

## TEXAS CITIZENS PARTICIPATION ACT

In her first issue, Kappos contends, "Did the district court err in dismissing this action based on a conclusion of law that any statements made in a judicial proceeding, whether true or not, are protected under the TCPA?" In this case, we determine whether Baxter's statements made in the underlying federal court action constituted the exercise of the right to petition as defined in the TCPA, and if so, whether the trial court erred by dismissing Kappos's suit under the TCPA. We do not address whether "any statements made in a judicial proceeding . . . are protected under the TCPA."

The TCPA permits a defendant to move for dismissal of a legal action that is "based on, relates to, or is in response to a party's exercise of the right of free speech, right to petition, or right of association." CIV. PRAC. § 27.003(a). The statute's purpose "is to encourage and safeguard the constitutional rights of persons to petition, speak freely, associate freely, and otherwise participate in government to the maximum extent permitted by law and, at the same time, protect the rights of a person to file meritorious lawsuits for demonstrable injury." *Id.* § 27.002.

Determination of a motion to dismiss under the TCPA is a three-step process. *Youngkin v. Hines*, 546 S.W.3d 675, 679 (Tex. 2018).[2] In step one, the movant for dismissal has the burden of

---

[2] In *ExxonMobil Pipeline Co. v. Coleman*, 512 S.W.3d 895, 898 (Tex. 2017) (per curiam), the supreme court described it as a "two-step procedure." The actual parts of the procedure are the same under both *ExxonMobil* and *Youngkin*, relying on section 27.005(b), (c), and (d).

showing by a preponderance of the evidence that the legal action is based on, relates to, or is in response to the movant's exercise of one of those rights. CIV. PRAC. § 27.005(b). If the movant does so, then the procedure moves to step two, and the burden of proof shifts to the nonmovant bringing the legal action to "establish[] by clear and specific evidence a prima facie case for each essential element of the claim in question." *Id.* § 27.005(c). If the nonmovant meets this burden, then the procedure moves to step three, and the burden of proof shifts back to the movant to "establish[] by a preponderance of the evidence each essential element of a valid defense to the nonmovant's claim." *Id.* § 27.005(d). If the movant meets this burden, then the trial court "shall dismiss" the legal action. *Id.* We review de novo the trial court's determinations that the parties met or failed to meet their burdens of proof under section 27.005. *U.S. Anesthesia Partners of Tex. P.A. v. Mahana*, No. 05-18-01414-CV, 2019 WL 4044086, at *3 (Tex. App.—Dallas Aug. 27, 2019, pet. filed); *Lei v. Natural Polymer Int'l Corp.* 578 S.W.3d 706, 712 (Tex. App.—Dallas 2019, no pet.); *Dyer v. Medoc Health Servs., LLC*, 573 S.W.3d 418, 424 (Tex. App.—Dallas 2019, pet. denied).

The evidence considered by the trial court in determining a motion to dismiss includes "the pleadings and supporting and opposing affidavits stating the facts on which the liability or defense is based." CIV. PRAC. § 27.006(a). The plaintiff's pleadings are usually "the best and all-sufficient evidence of the nature of the action." *Hersh v. Tatum*, 526 S.W.3d 562, 567 (Tex. 2017) (quoting *Stockyards Nat'l Bank v. Maples*, 95 S.W.2d 1300, 1302 (Tex. 1936)).

### Step One

In step one of the analysis, Baxter had the burden to establish by a preponderance of the evidence that Kappos's legal action against him was based on, related to, or was in response to Baxter's exercise of the right of free speech, the right to petition, or the right of association. *Id.* § 27.005(b).

Exercise of the right to petition includes "a communication in or pertaining to . . . a judicial proceeding . . . ." CIV. PRAC. § 27.001(4)(A)(i). Central to this definition is "a communication," which "includes the making or submitting of a statement or document in any form or medium, including oral, visual, written, audiovisual, or electronic." *Id.* § 27.001(1).

Kappos alleged in her petition that Baxter, an attorney, "filed an egregiously false written statement in a federal court of this state of Texas. Specifically, . . . Baxter said that a California state court had properly litigated a consolidated case of two actions and rendered a judgment in the consolidated case against . . . Kappos." Kappos states in her brief that "the gist of Kappos's causes of action were for Baxter's false statements that unlawfully fabricated and used a California state court judgment against Kappos." She explains that Baxter made those statements in the litigation concerning the motion to dismiss her federal suit. Baxter stated in the motion to dismiss that there was a judgment rendered against Kappos in the underlying litigation in California state court.

Baxter's motion to dismiss the federal suit was a written document submitted to the federal court; therefore, it was a communication. This communication pertained to the federal case. Therefore, the document was "a communication in or pertaining to a judicial proceeding" and was Baxter's exercise of the right to petition.

Kappos's petition and her brief on appeal make clear that this suit was based on, related to, or was in response to the motion to dismiss Baxter filed in the federal court. We conclude the trial court did not err by determining Baxter proved by a preponderance of the evidence that Kappos's suit was based on, related to, or was in response to Baxter's exercise of the right to petition.

**Step Two**

The burden then shifted to Kappos to establish by clear and specific evidence each essential element of her causes of action. *See* CIV. PRAC. § 27.005(c). Kappos filed a response to Baxter's

–5–

motion to dismiss, but she did not file any additional evidence with it. Her response did not explain how the pleadings or other evidence established by clear and specific evidence each element of her causes of action. Nor does she make that showing on appeal.

### Step Three

If we assume Kappos had met her burden to establish by clear and specific evidence a prima facie case for each essential element of her causes of action, then the burden of proof shifted to Baxter to prove each essential element of a valid defense by a preponderance of the evidence. *See id.* § 27.005(d). One of the defenses Baxter pleaded in his answer and asserted in his motion to dismiss was attorney immunity.

Under the defense of attorney immunity, "an attorney is immune from liability to nonclients for conduct within the scope of his representation of his clients." *Youngkin*, 546 S.W.3d at 681. "Put differently, an attorney may be liable to nonclients only for conduct outside the scope of his representation of his client or for conduct foreign to the duties of a lawyer." *Id.* This inquiry "focuses on the *kind* of conduct at issue rather than the alleged *wrongfulness* of said conduct. That is, a lawyer is no more susceptible to liability for a given action merely because it is alleged to be fraudulent or otherwise wrongful." *Id.* (citation omitted). Attorney immunity is necessary to enable an attorney to zealously represent clients without being "forced constantly to balance his own potential exposure against his client's best interest." *Alpert v. Crain, Caton & James, P.C.*, 178 S.W.3d 398, 405 (Tex. App.—Houston [1st Dist.] 2005, pet. denied).

In *Youngkin*, Youngkin represented the Scotts in a real estate dispute with Hines. The parties reached a Rule 11 agreement settling the dispute, which Youngkin read into the record. *Youngkin*, 546 S.W.3d at 678. Youngkin prepared the deeds to carry out the settlement. *Id.* When Hines thought the deeds varied from the terms of the Rule 11 agreement, he sued Youngkin and the Scotts. *Id.* at 679. Hines alleged that Youngkin knowingly participated in the Scotts'

fraudulent scheme to deprive Hines of his property. *Id.* Under the TCPA, Youngkin moved for dismissal of Hines's claims against him, and he asserted the defense of attorney immunity. *Id.* The supreme court determined that Hines's suit was based on, related to, or was in response to Youngkin's exercise of the right to petition. *Id.* at 680–81. The supreme court assumed without deciding that Hines met his burden under step two of establishing a prima facie case for his claims. *Id.* at 681. The supreme court then determined that Youngkin was protected by attorney immunity from Hines's suit. *Id.* at 681–83. The supreme court concluded Hines's claims against Youngkin "must be dismissed." *Id.* at 683.

The facts in *Youngkin* are similar to those in this case. Both suits were based on statements to the court that the plaintiffs alleged were part of a fraudulent scheme by the attorney with his clients. As part of his representation of his clients, Baxter stated in a motion filed in the federal litigation that there was a judgment in the underlying California state-court litigation. Whether the statements were wrong, fraudulent, or part of a conspiracy to defraud Kappos does not affect the applicability of the defense of attorney immunity. *See Youngkin*, 546 S.W.3d at 681. Kappos was not Baxter's client. Therefore, following *Youngkin*, we conclude that Baxter is immune from Kappos's suit based on his actions while representing his clients, including his statements in court filings that there was a judgment in the California state-court litigation.[3]

We conclude Baxter established by a preponderance of the evidence the elements of the defense of attorney immunity. Because Baxter established a valid defense to Kappos's claims by

---

[3] In *Youngkin*, the court stated there are exceptions to attorney immunity: "participation in a fraudulent business scheme with a client, knowingly helping a client with a fraudulent transfer to avoid paying a judgment, theft of goods or services on a client's behalf, and assaulting opposing counsel during trial." *Youngkin*, 546 S.W.3d at 682–83. Kappos did not allege any such behavior. The supreme court also observed, "That is not to say that an attorney could not be held liable to his own client for misconduct similar to that alleged by Hines or be reprimanded for ethics violations. But to be held liable to the opposing party is a wholly different matter." *Id.* at 682.

a preponderance of the evidence, the trial court was required to dismiss Kappos's claims.[4] *See* CIV. PRAC. § 27.005(d); *Youngkin*, 546 S.W.3d at 683. We overrule appellant's first issue.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

In her second issue, Kappos contends, "Did the district court err in dismissing this action as a meritless lawsuit without making any findings of fact, and/or alternatively allowing arguments of facts of a California state court judgment not in the court record?" If general findings of fact and conclusions of law are required when properly requested following dismissal of a legal action under the TCPA,[5] then a party seeking findings of fact and conclusions of law must file a written request within twenty days after the signing of the judgment. TEX. R. CIV. P. 296. The record does not show that Kappos requested findings of fact and conclusions of law. Accordingly, the trial court did not err by not making findings of fact and conclusions of law.

Concerning Kappos's contention that the trial court should have allowed argument about the "facts of a California state court judgment not in the record," Kappos presented argument about the judgment in her response to Baxter's motion to dismiss. At the hearing on the motion to dismiss, Kappos presented argument about the judgment. Kappos does not explain how the trial did not allow her to argue. We conclude Kappos has not shown the trial court erred. We overrule Kappos's second issue.

## ADMISSION OF EVIDENCE

In her third issue, Kappos contends, "Did the district court err to allow fraudulent documents, and/or fraudulent statements by Baxter into the court record?" Kappos does not

---

[4] Having concluded that Baxter established the defense of attorney immunity, we do not address whether he established the judicial-proceedings privilege.

[5] This Court has not addressed whether a party may be entitled to findings of fact and conclusions of law under Rule 296 concerning whether the parties met their burdens of proof under section 27.005. Because Kappos did not file a request for findings of fact and conclusions of law, we do not address that issue. *See Batra v. Covenant Health Sys.*, 562 S.W.3d 696, 705–06 (Tex. App.—Amarillo 2018, pet. denied) (declining to address whether findings of fact and conclusions of law under Rule 296 are required following dismissal under the TCPA when party did not file notice of past due findings of fact and conclusions of law as required by Rule 297).

identify which documents and statements she contends were not admissible. Kappos does not explain why the documents and statements were inadmissible, and she does not cite any authority showing the documents should not have been considered by the trial court. *See* TEX. R. APP. P. 38.1(i) ("The brief must contain a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record."). We conclude Kappos has not shown the trial court erred. We overrule Kappos's third issue.

## CONCLUSION

We affirm the trial court's judgment.

/Lana Myers/
LANA MYERS
JUSTICE

190020F.P05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

BRENDA KAPPOS, Appellant

No. 05-19-00020-CV      V.

DOUGLAS F. BAXTER, Appellee

On Appeal from the 14th Judicial District Court, Dallas County, Texas
Trial Court Cause No. DC-18-11757.
Opinion delivered by Justice Myers.
Justices Osborne and Nowell participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

It is **ORDERED** that appellee DOUGLAS F. BAXTER recover his costs of this appeal from appellant BRENDA KAPPOS.

Judgment entered this 30th day of October, 2019.