**Affirm and Opinion Filed May 5, 2022**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-21-00207-CV**

**JUDY D. BROWN, Appellant**
**V.**
**FRONTLINE ASSET STRATEGIES AND LVNV FUNDING, Appellees**

**On Appeal from the County Court at Law No. 5**
**Dallas County, Texas**
**Trial Court Cause No. CC-20-05565-E**

## MEMORANDUM OPINION

Before Justices Myers, Carlyle, and Goldstein
Opinion by Justice Myers

Judy D. Brown appeals the trial court's judgment granting the motion for summary judgment filed by appellees Frontline Asset Strategies and LVNV Funding and ordering that Brown take nothing on her claims against appellees. Brown brings four issues on appeal contending (1) appellees violated Dallas County Local Rules 2.08 and 2.09, (2) appellees violated provisions of the Federal Debt Collection Practices Act and the Texas Finance Code, (3) appellees defamed Brown, and (4) appellees violated section 37.09 of the Texas Penal Code. We affirm the trial court's judgment.

# BACKGROUND

Appellees purchased an account on which Brown was the debtor, and a law firm representing appellees sent Brown collection letters. Brown sued appellees in justice court alleging:

> Defendant(s) is/are justly indebted to Plaintiff(s) in the sum of $10,000 for the following reason(s):
>
> Violations of FDCPA and FDRA and Texas Finance Code
>
> Harassment
>
> Defamation of character
>
> Defendant LVNV has violated 2 sections under the FCRA as it pertains to the 5 petitions currently before the court.

The justice court rendered judgment for appellees, stating, "Plaintiff failed to meet the burden necessary to prevail against the Defendant." Brown appealed the justice court's judgment to the county court at law.[1]

In the county court at law, appellees filed a motion for summary judgment arguing Brown had no evidence to support her claims. Brown filed a response attaching numerous documents. Appellees filed a reply to Brown's response and objected to Brown's evidence. The trial court sustained appellees' objections to Brown's evidence, granted their motion for summary judgment, and ordered that Brown take nothing on her claims.

---

[1] According to appellees, Brown brought other, similar suits in justice court against appellees concerning other accounts, that they prevailed on those suits, and Brown did not appeal them.

## PRO SE PARTIES

Brown is pro se before this Court. We liberally construe pro se pleadings and briefs. *Washington v. Bank of N.Y.*, 362 S.W.3d 853, 854 (Tex. App.—Dallas 2012, no pet.). However, we hold pro se litigants to the same standards as licensed attorneys and require them to comply with applicable laws and rules of procedure. *Mansfield State Bank v. Cohn*, 573 S.W.2d 181, 184–85 (Tex. 1978); *Washington*, 362 S.W.3d at 854. To do otherwise would give a pro se litigant an unfair advantage over a litigant who is represented by counsel. *Shull v. United Parcel Serv.*, 4 S.W.3d 46, 53 (Tex. App.—San Antonio 1999, pet. denied).

## VIOLATIONS OF DALLAS COUNTY LOCAL RULES

In her first issue, Brown contends appellees violated Rules 2.08 and 2.09 of the Local Rules for the Civil Courts of Dallas County.

Local Rule 2.08 provides that when a court notifies counsel following a hearing of its decision and directs counsel to prepare orders, counsel must first tender the proposed orders to opposing counsel at least two days before submitting them to the court. The opposing party must either approve the order as to form or file written objections to the order. If the opposing party does not approve the order or file written objections to it within five days of the submission of the order to the court, "the proposed order is deemed approved as to form."

Local Rule 2.09 requires that "reply briefs in support of a motion for summary judgment must be filed and served no less than three days before the hearing. Briefs not filed and served in accordance with this paragraph likely will not be considered."

Appellees filed their reply to Brown's response to their motion for summary judgment and a proposed order to grant the motion for summary judgment on March 17, 2021, two days before the March 19, 2021 scheduled hearing on the motion for summary judgment. The docket sheet indicates the hearing was canceled, but the trial court signed the proposed order granting appellees' motion for summary judgment on March 19, 2021. Brown states in her brief she left a "VM" for the trial court on March 19, 2021, objecting to the trial court's actions as being outside the rules of procedure and that she filed written objections that were received by the court on March 23, 2021. Brown asserts in her brief that the trial court and opposing counsel did not comply with these rules, and she asks that "the Judgment signed by the Court be voided."

Generally, before a party may assert error on appeal, "the record must show that: (1) the complaint was made to the trial court by a timely request, objection, or motion" and that "(2) the trial court (A) ruled on the request, objection, or motion, either expressly or implicitly; or (B) refused to rule on the request, objection, or motion and the complaining party objected to the refusal." TEX. R. APP. P. 33.1(a). In this case the record does not show that Brown objected to any failure to comply with Local Rules 2.08 and 2.09, or that the trial court ruled on or refused to rule on

–4–

any objection concerning these rules. Although Brown states in her brief that she contacted the trial court on March 19, 2021 about the rule violations and filed written objections on March 23, 2021, neither appear in the record on appeal. Nor does the trial court's docket sheet show written objections were filed. Accordingly, Brown did not preserve any error for appellate review.

Even if Brown had timely objected and the court had ruled or refused to rule on the objection and if Brown had shown that the trial court erred,[2] the error would not be reversible unless Brown demonstrated that the error probably caused the rendition of an improper judgment or probably prevented her from properly presenting the case on appeal. TEX. R. APP. P. 44.1(a). "On appeal, the appellant has the burden to demonstrate harm." *In re L.A.-K*, 596 S.W.3d 387, 402 (Tex. App.—El Paso 2020, no pet.) (quoting *Hooper v. Sanford*, 968 S.W.2d 392, 394 (Tex. App.—Tyler 1997, no pet.)). Brown does not explain how the trial court's and opposing counsel's failure, if any, to follow Local Rules 2.08 and 2.09 probably resulted in an improper judgment or probably prevented her from properly presenting the case on appeal. Accordingly, we conclude Brown has not shown that the error, if any, is reversible.

We overrule Brown's first issue.

---

[2] Because Brown did not preserve error or show that any error would be reversible, we make no determination whether Local Rules 2.08 and 2.09 applied or whether the trial court erred.

–5–

## SUMMARY JUDGMENT

We interpret Brown's second, third, and fourth issues[3] as contending the trial erred by granting appellees' motion for summary judgment on Brown's claims and rendering judgment that she take nothing on her claims.

Appellees filed a motion for summary judgment contending she had no evidence to support her claims. Rule 166a(i) provides that a party "may move for summary judgment on the ground that there is no evidence of one or more essential elements of a claim or defense on which an adverse party would have the burden of proof at trial." TEX. R. CIV. P. 166a(i). After the no-evidence motion for summary judgment is filed, "the burden shifts to the nonmoving party to present evidence raising an issue of material fact as to the elements specified in the motion." *Mack Trucks, Inc. v. Tamez*, 206 S.W.3d 572, 582 (Tex. 2006).

We review a no-evidence summary judgment under the same legal sufficiency standard used to review a directed verdict. *See* TEX. R. CIV. P. 166a(i); *Flood v. Katz*, 294 S.W.3d 756, 762 (Tex. App.—Dallas 2009, pet. denied). Thus, we must determine whether the nonmovant produced more than a scintilla of probative

---

[3] Brown's second through fourth "Issues Presented" are:

Issue Two: FDCPA and Texas Finance Code Violations

Issue Three: Defamation of Character

Issue Four: Violations Under Texas Penal Code 37.09

Concerning Brown's arguments about appellees violating section 37.09 of the Texas Penal Code, Brown's petition did not allege violations of section 37.09. Appellees were not required to move for summary judgment on claims that were not pleaded. *See Clark v. Dillard's, Inc.*, 460 S.W.3d 714, 729 (Tex. App.—Dallas 2015, no pet.).

evidence to raise a fact issue on the material questions presented. *See Flood*, 294 S.W.3d at 762. When analyzing a no-evidence summary judgment, "we examine the entire record in the light most favorable to the nonmovant, indulging every reasonable inference and resolving any doubts against the motion." *Sudan v. Sudan*, 199 S.W.3d 291, 292 (Tex. 2006) (quoting *City of Keller v. Wilson*, 168 S.W.3d 802, 823 (Tex. 2005)). A no-evidence summary judgment is improperly granted if the nonmovant presented more than a scintilla of probative evidence to raise a genuine issue of material fact. *King Ranch, Inc. v. Chapman*, 118 S.W.3d 742, 751 (Tex. 2003). "More than a scintilla of evidence exists when the evidence rises to a level that would enable reasonable, fair-minded persons to differ in their conclusions." *Id.* (quoting *Merrell Dow Pharms., Inc. v. Havner*, 953 S.W.2d 706, 711 (Tex. 1997)). "Less than a scintilla of evidence exists when the evidence is 'so weak as to do no more than create a mere surmise or suspicion' of a fact." *Id.* (quoting *Kindred v. Con/Chem, Inc.*, 650 S.W.2d 61, 63 (Tex. 1983)). We review a summary judgment de novo to determine whether a party's right to prevail is established as a matter of law. *Dickey v. Club Corp. of Am.*, 12 S.W.3d 172, 175 (Tex. App.—Dallas 2000, pet. denied).

Brown's response to appellees' motion for summary judgment included nine exhibits (Exhibits A through I). Appellees objected to all of Brown's exhibits "because they are unauthenticated and constitute hearsay." Appellees also objected to specific exhibits as not relevant. The trial court's judgment sustains appellees'

objections. Brown does not bring an issue on appeal contending that the trial court erred by sustaining appellees' objections. Therefore, we may not consider any of Brown's evidence. *Kuzmin v. Schiller*, No. 05-13-01394-CV, 2015 WL 150206, at *5 (Tex. App.—Dallas Jan. 8, 2015, no pet.) (mem. op.) ("Where the trial court sustains objections to summary judgment evidence and appellant does not challenge the evidentiary ruling on appeal, appellant has waived error regarding that ruling and we may not consider the excluded evidence.").

Brown, as the respondent to a no-evidence motion for summary judgment, had the burden to present some evidence in support of each essential element of her claims challenged by appellees. *See Mack Trucks*, 206 S.W.3d at 582. Because the trial court sustained appellees' objections to her evidence, there was no evidence in support of Brown's claims before the trial court. Accordingly, we conclude the trial court did not err by granting appellees' motion for summary judgment. *See In re Estate of Bailey*, No. 14-14-00291-CV, 2015 WL 4463698, at *3 (Tex. App.—Houston [14th Dist.] July 21, 2015, no pet.) (mem. op.) ("Because the appellants have not challenged the trial court's ruling sustaining Collins's objections to all of their summary-judgment evidence, there is no evidence before us to support the appellants' summary-judgment response. There accordingly is no basis on which to conclude that the appellants have raised a genuine issue of material fact regarding Bailey's testamentary capacity.").

We overrule Brown's second, third, and fourth issues.

# CONCLUSION

We affirm the trial court's judgment.

210207f.p05

/Lana Myers//
LANA MYERS
JUSTICE



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

JUDY D. BROWN, Appellant

No. 05-21-00207-CV          V.

FRONTLINE ASSET STRATEGIES
AND LVNV FUNDING, Appellees

On Appeal from the County Court at
Law No. 5, Dallas County, Texas
Trial Court Cause No. CC-20-05565-
E.
Opinion delivered by Justice Myers.
Justices Carlyle and Goldstein
participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

It is **ORDERED** that appellees FRONTLINE ASSET STRATEGIES AND LVNV FUNDING recover their costs of this appeal from appellant JUDY D. BROWN.

Judgment entered this 5th day of May, 2022.