**AFFIRMED and Opinion Filed July 26, 2022**

# S

**In the**

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-21-00250-CV

## CORA CANADY, Appellant
## V.
## CITY OF DALLAS AND CITY MANAGER T.C. BROADNAX, Appellees

**On Appeal from the County Court at Law No. 5**
**Dallas County, Texas**
**Trial Court Cause No. CC-20-04652-E**

## MEMORANDUM OPINION

Before Justices Myers, Carlyle, and Goldstein
Opinion by Justice Carlyle

Appellant Cora Canady claims the trial court erred in granting the city's plea to the jurisdiction. We affirm.

Appellant, proceeding pro se here and in the trial court, sued the city for shutting off her water during the COVID-19 pandemic. On appeal, appellant first claims there was insufficient evidence to support granting the plea. As part of this claim, she also complains the trial court cut short her testimony as part of her response to the plea. Appellant also states in her brief that her "voice had been stifled in every court [she'd] been to," that she is disabled and on medicine, and that she asks for $10,000 in compensation from the city for jeopardizing her family and their

well-being during the pandemic. She states that the water is back on but is not in her name and requests the water bill be put in her name.

Texas law recognizes the right for civil litigants to proceed on their own behalf in court, pro se. *Bolling v. Farmers Branch ISD*, 315 S.W.3d 893, 895 (Tex. App.—Dallas 2010, no pet.). That said, we hold pro se litigants to the same standards for pleading, briefing, and procedure as we do lawyers. *See Mansfield State Bank v. Cohn*, 573 S.W.2d 181, 184–85 (Tex. 1978); *Washington v. Bank of N.Y.*, 362 S.W.3d 853, 854 (Tex. App.—Dallas 2012, no pet.). This includes following the appellate rules for briefing appeals to this court, and though we do not require rigid adherence regarding the form of a brief, we examine briefs closely for compliance with rules governing briefs' contents. *Hammonds v. Dallas Cty.*, No. 05-18-01433-CV, 2020 WL 948383, at *2 (Tex. App.—Dallas Feb. 27, 2020, no pet.) (mem. op.). To do otherwise would give pro se litigants an unfair advantage over litigants represented by counsel.

In doing so, we liberally construe pro se pleadings and briefs. *Washington*, 362 S.W.3d at 854. But appellant's brief includes no record references, nor is there an adequate statement of facts or statement of the case. *See* TEX. R. APP. P. 38.1(g) (appellant's brief must include a statement of facts "supported by record references"), (i) (appellant's brief "must contain a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record"). There is no citation to legal authority, nor does the brief attempt to meaningfully explain

why the trial court's denial of the city's plea was legal error. *See id.* 38.1(i); *see also Copeland v. Nationstar Mortgage LLC*, No. 05-21-00120-CV, 2022 WL 2235983, at *2–3 (Tex. App.—Dallas June 22, 2022, no pet. h.) (mem. op.).

Appellant's brief has remained deficient despite this court's July 22, 2021 letter describing the brief's deficiencies rule by rule—including those cited above—and providing a timetable for remedying them. We granted appellant's two motions for extension of time to file a rule-compliant brief and yet, to date, we still do not have a rule-compliant brief. *See* TEX. R. APP. P. 38.9[1], 44.3 ("A court of appeals must not affirm or reverse a judgment or dismiss an appeal for formal defects or irregularities in appellate procedure without allowing a reasonable time to correct or amend the defects or irregularities.").

The deficiencies in appellant's briefing are not negligible matters of form but instead run afoul of "rules that govern the content of appellate briefs." *See Hammonds*, 2021 WL 5410519, at *2. Because appellant did not amend the brief to

---

[1] The text of appellate rule 38.9 is as follows:

Because briefs are meant to acquaint the court with the issues in a case and to present argument that will enable the court to decide the case, substantial compliance with this rule is sufficient, subject to the following:

(a) *Formal defects*. If the court determines that this rule has been flagrantly violated, it may require a brief to be amended, supplemented, or redrwawn. If another brief that does not comply with this rule is filed, the court may strike the brief, prohibit the party from filing another, and proceed as if the party had failed to file a brief.

(b) *Substantive Defects*. If the court determines, either before or after submission, that the case has not been properly presented in the briefs, or that the law and authorities have not been properly cited in the briefs, the court may postpone submission, require additional briefing, and make any other order necessary for a satisfactory submission of the case.

correct the deficiencies and provide adequate substantive briefing on any complaint, we conclude appellant's brief presents nothing for our review. *See Melton v. LegacyTexas Bank*, No. 05-11-01048-CV, 2012 WL 1378490, at *1 (Tex. App.—Dallas Apr. 18, 2012, no pet.) (mem. op.).

In the interest of justice, we address what we can discern is appellant's complaint: she had a contract with the city to provide water to her home, the city breached by shutting it off, and thus, the trial court should have denied the plea to the jurisdiction. The city's plea challenged appellants' pleadings' sufficiency, before and after the trial court granted the city's special exceptions and appellant failed to amend the petition to allege the five elements required to overcome governmental immunity. *See City of Houston v. Williams*, 353 S.W.3d 128, 134–35 (Tex. 2011); TEX. LOC. GOV'T CODE §§ 271.151–.152. Because appellant's petition contains insufficient facts to affirmatively demonstrate jurisdiction even after having been given a reasonable opportunity to amend, the trial court properly dismissed the action with prejudice. *See Harris Cty. v. Sykes*, 136 S.W.3d 635, 639 (Tex. 2004).

We affirm the trial court's judgment.


/Cory L. Carlyle/
CORY L. CARLYLE
210250f.p05                                           JUSTICE

# S

## Court of Appeals
## Fifth District of Texas at Dallas

### JUDGMENT

CORA CANADY, Appellant

No. 05-21-00250-CV     V.

CITY OF DALLAS AND CITY
MANAGER T.C. BROADNAX,
Appellees

On Appeal from the County Court at
Law No. 5, Dallas County, Texas
Trial Court Cause No. CC-20-04652-
E.
Opinion delivered by Justice Carlyle.
Justices Myers and Goldstein
participating.

In accordance with this Court's opinion of this date, the judgment of the trial
court is **AFFIRMED**.

Judgment entered this 26th day of July, 2022.