

## Fourth Court of Appeals
### San Antonio, Texas

**MEMORANDUM OPINION**

No. 04-21-00377-CV

Patrick **MINOR**,
Appellant

v.

**RED HOOK CRAB SHACK LLC**,
Appellee

From the 45th Judicial District Court, Bexar County, Texas
Trial Court No. 2020CI19625
Honorable Aaron Haas, Judge Presiding

Opinion by:  Lori I. Valenzuela, Justice

Sitting:  Rebeca C. Martinez, Chief Justice
Luz Elena D. Chapa, Justice
Lori I. Valenzuela, Justice

Delivered and Filed: August 10, 2022

AFFIRMED

Appellant, Patrick Minor, represented himself pro se before the trial court and is pro se before this court. Minor sued appellee, Red Hook Cajun Sea Food, ("Red Hook")[1] alleging wrongful termination, racial discrimination, and various other claims. Red Hook filed a combined traditional and no-evidence motion for summary judgment, in which it asked that Minor's action be dismissed with prejudice and he take nothing on his claims. The trial court "granted complete summary judgment against [Minor]" and dismissed Minor's lawsuit "with prejudice." On appeal,

---

[1] Appellee's correct name is Red Hook Crab Shack LLC.

Minor does not argue the trial court improperly rendered summary judgment in favor of Red Hook. Instead, he asserts the trial court erred by dismissing his case pursuant to Texas Rule of Civil Procedure 91a. We conclude Minor did not carry his burden to show Red Hook was not entitled to summary judgment; therefore, we affirm the summary judgment in Red Hook's favor.

## DISCUSSION

Generally, Rule 91a provides for the dismissal of baseless causes of action that have no basis in law or fact on motion and without evidence. *See* TEX. R. CIV. P. 91a.1. "A cause of action has no basis in law if the allegations, taken as true, together with inferences reasonably drawn from them, do not entitle the claimant to the relief sought." *Id.* "A cause of action has no basis in fact if no reasonable person could believe the facts pleaded." *Id.* "Except as required by 91a.7 [the award of costs and attorney's fees], the court may not consider evidence in ruling on the motion and must decide the motion based solely on the pleading of the cause of action, together with any pleading exhibits permitted by Rule 59."[2] *Id.* at 91a.6. Thus, a trial court must decide a Rule 91a motion based *solely* on the pleading of the cause of action, together with any exhibits permitted by Rule 59. "We review the merits of a Rule 91a motion de novo because the availability of a remedy under the facts alleged is a question of law and the rule's factual-plausibility standard is akin to a legal-sufficiency review." *City of Dallas v. Sanchez*, 494 S.W.3d 722, 724 (Tex. 2016) (per curiam).

In contrast, "[w]hen reviewing both a no-evidence and traditional summary judgment, we examine the entire record in the light most favorable to the nonmovant, indulging every reasonable

---

[2] Texas Rule of Civil Procedure 59 provides as follows: "Notes, accounts, bonds, mortgages, records, and all other written instruments, constituting, in whole or in part, the claim sued on, or the matter set up in defense, may be made a part of the pleadings by copies thereof, or the originals, being attached or filed and referred to as such, or by copying the same in the body of the pleading in aid and explanation of the allegations in the petition or answer made in reference to said instruments and shall be deemed a part thereof for all purposes. Such pleadings shall not be deemed defective because of the lack of any allegations which can be supplied from said exhibit. No other instrument of writing shall be made an exhibit in the pleading." TEX. R. CIV. P. 59.

inference and resolving any doubts against the motion." *Farlow v. Harris Methodist Fort Worth Hosp.*, 284 S.W.3d 903, 910 (Tex. App.—Fort Worth 2009, pet. denied).

As the movant for a no-evidence summary judgment, Red Hook could "without presenting summary judgment evidence . . . move for summary judgment on the ground that there is no evidence of one or more essential elements of a claim or defense on which [the nonmovant] would have the burden of proof at trial." TEX. R. CIV. P. 166a(i). "The court must grant the motion unless the [nonmovant] produces summary judgment evidence raising a genuine issue of material fact." *Id.* Thus, as the nonmovant, Minor had the burden to present evidence establishing a genuine issue of material fact concerning the element under attack. *Merriman v. XTO Energy, Inc.*, 407 S.W.3d 244, 248 (Tex. 2013). We review the evidence presented by the motion and response in the light most favorable to the nonmovant, crediting evidence favorable to that party if reasonable jurors could and disregarding contrary evidence unless reasonable jurors could not. *Id.*

To prevail on a traditional summary judgment motion, Red Hook had to establish no genuine issues of material fact exist and it was entitled to judgment as a matter of law. TEX. R. CIV. P. 166a(c). As the defendant moving for summary judgment, Red Hook could obtain summary judgment by negating one of the elements of Minor's causes of action or by conclusively proving all of the elements of an affirmative defense. *Stanfield v. Neubaum*, 494 S.W.3d 90, 96 (Tex. 2016). If Red Hook produced evidence demonstrating summary judgment is proper, the burden shifted to Minor to present evidence creating a fact issue. *Id.* at 97. When reviewing a traditional summary judgment motion, we take as true all evidence favorable to the nonmovant, and we indulge in every reasonable inference and resolve any doubts in the nonmovant's favor. *Valence Op. Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005).

The fact that Rule 166a allows the examination of evidence, whereas Rule 91a prohibits the court from looking outside the pleadings to determine if there is "no basis in law" for the

plaintiff's claims, "highlights a key distinction between a motion for summary judgment and a motion to dismiss." *In re Shire PLC*, 633 S.W.3d 1, 21 n.15 (Tex. App.—Texarkana 2021, orig. proceeding). "To obtain summary judgment, the movant must show the court that—*based on the case evidence* [*or lack thereof*]—he is entitled to judgment as a matter of law." *Id.* (emphasis in original). "To obtain dismissal, the movant must show that—*regardless of the case evidence*—recovery by the plaintiff is foreclosed." *Id.* (emphasis in original). "Rule 91a's prohibition against looking outside the pleadings to determine whether the plaintiff's claims have 'no basis in law' is more than a mere procedural distinction; rather, it is a substantive distinction because recovery by the plaintiff on the claims alleged in the petition is either foreclosed or it is not—regardless of the evidence." *Id.* "Accordingly, if the trial court cannot determine whether recovery is foreclosed without looking outside the pleadings, then summary judgment may be available, but dismissal is not." *Id.*

Here, Red Hook moved for summary judgment; it did not file a Rule 91a motion to dismiss. Accordingly, Minor had the burden on appeal to show the trial court erred by rendering summary judgment in Red Hook's favor because evidence existed to establish a genuine issue of material fact concerning the element under attack. Minor has not done so because he instead focuses on Rule 91a—which looks only to the pleadings and not to any evidence. Therefore, because Minor has not shown Red Hook was not entitled to summary judgment, we must affirm the trial court's summary judgment in favor of Red Hook.

On appeal, Red Hook suggests this court construe Minor's issue as follows: "Whether the trial court erred in concluding that Red Hook established there were no genuine issues of material fact regarding Mr. Minor's claims and that no evidence supported Mr. Minor's claims, and in granting summary judgment and dismissing Mr. Minor's lawsuit with prejudice." We liberally construe pro se pleadings and briefs. *Washington v. Bank of N.Y.*, 362 S.W.3d 853, 854 (Tex.

App.—Dallas 2012, no pet.). However, we hold pro se litigants to the same standards as licensed attorneys and require them to comply with applicable laws and rules of procedure. *Mansfield State Bank v. Cohn*, 573 S.W.2d 181, 184-85 (Tex. 1978); *Washington*, 362 S.W.3d at 854. To do otherwise would give a pro se litigant an unfair advantage over a litigant who is represented by counsel. *Shull v. United Parcel Serv.*, 4 S.W.3d 46, 53 (Tex. App.—San Antonio 1999, pet. denied). In this case, even if we were to liberally construe Minor's issues on appeal, we must conclude he still did not meet his burden because his brief contains numerous factual allegations, none of which are supported by citations to the record, and contains no citations to the appropriate caselaw governing his claims before the trial court or summary judgments.[3]

## CONCLUSION

We overrule Minor's issues on appeal and affirm the trial court's summary judgment.

Lori I. Valenzuela, Justice

---

[3] On December 29, 2021, this court issued an order requiring Minor to rewrite and file a rewritten brief because his original brief did not contain: (1) any citations to specific pages in the clerk's record or reporter's record in support of the facts asserted in the statement of the case, statement of facts, or argument; (2) any argument in support of the issues raised; (3) an appendix; or (4) a certificate of service that acknowledged he served a copy of the document on all parties to the proceeding. On January 19, 2022, Minor filed another noncomplying brief. On January 27, 2022, this court issued an order noting deficiencies in the brief. We did not strike the brief, but cautioned Minor that "the submission panel may determine [he] has waived one or more issues due to inadequate briefing if the noted deficiencies are not corrected prior to submission." On March 1, 2022, Minor filed his current brief, which also does not comply with the rules.