**Affirm and Opinion Filed January 5, 2023**



**In The**

**Court of Appeals**

**Fifth District of Texas at Dallas**

_____

**No. 05-21-00331-CV**

_____

**IN THE INTEREST OF A.A., A CHILD**

**On Appeal from the 416th Judicial District Court**
**Collin County, Texas**
**Trial Court Cause No. 416-51855-2020**

## MEMORANDUM OPINION

Before Justices Partida-Kipness, Nowell, and Kennedy
Opinion by Justice Nowell

Pro se appellant Ali Azhar appeals the trial court's Final Decree of Divorce, which was entered following a bench trial. Texas law recognizes the right for civil litigants to proceed on their own behalf in court, pro se. *Bolling v. Farmers Branch ISD*, 315 S.W.3d 893, 895 (Tex. App.—Dallas 2010, no pet.). That said, we hold pro se litigants to the same standards for pleading, briefing, and procedure as we do lawyers. *Canady v. City of Dallas*, No. 05-21-00250-CV, 2022 WL 2951668, at *1 (Tex. App.—Dallas July 26, 2022, no pet.) (mem. op.) (citing *Mansfield State Bank v. Cohn*, 573 S.W.2d 181, 184–85 (Tex. 1978); *Washington v. Bank of N.Y.*, 362 S.W.3d 853, 854 (Tex. App.—Dallas 2012, no pet.). Pro se appellants must follow

the appellate rules for briefing appeals to this court, and though we do not require rigid adherence regarding the form of a brief, we examine briefs closely for compliance with rules governing the content of appellate briefs. *Id.* (citing *Hammonds v. Dallas Cty.*, No. 05-18-01433-CV, 2020 WL 948383, at *2 (Tex. App.—Dallas Feb. 27, 2020, no pet.) (mem. op.)). To do otherwise would give pro se litigants an unfair advantage over litigants represented by counsel. *Id.*

In this case, appellant's brief fails to comply with numerous requirements of Texas Rule of Appellate Procedure 38.1. For example, the brief does not provide any citations to authorities or to the record. *See* Tex. R. App. P. 38.1(c), (d), (g), (i).

After receiving appellant's brief, this Court notified appellant by letter that his brief was deficient; the letter described the brief's deficiencies rule by rule— including those cited above—and provided a timetable for remedying them. Appellant then filed a motion for extension of time to file a rule-compliant brief, which we granted. Yet, to date, we still do not have a rule-compliant brief. *See* Tex. R. App. P. 38.9, 44.3 ("A court of appeals must not affirm or reverse a judgment or dismiss an appeal for formal defects or irregularities in appellate procedure without allowing a reasonable time to correct or amend the defects or irregularities."); *see also Canady*, 2022 WL 2951668, at *2.

The deficiencies in appellant's briefing are not negligible matters of form but instead run afoul of "rules that govern the content of appellate briefs." See *Canady*, 2022 WL 2951668, at *2 (citing *Hammonds*, 2021 WL 5410519, at *2). Because

–2–

appellant did not amend his brief to correct the deficiencies and provide adequate substantive briefing on any complaint, we conclude appellant's brief presents nothing for our review. *Canady*, 2022 WL 2951668, at \*2 (citing *Melton v. LegacyTexas Bank*, No. 05-11-01048-CV, 2012 WL 1378490, at \*1 (Tex. App.—Dallas Apr. 18, 2012, no pet.) (mem. op.)).

We affirm the trial court's Final Decree of Divorce.

210331f.p05

/Erin A. Nowell//
ERIN A. NOWELL
JUSTICE



## Court of Appeals
## Fifth District of Texas at Dallas

### JUDGMENT

IN THE INTEREST OF A.A., A CHILD

No. 05-21-00331-CV

On Appeal from the 416th Judicial District Court, Collin County, Texas Trial Court Cause No. 416-51855-2020.
Opinion delivered by Justice Nowell. Justices Partida-Kipness and Kennedy participating.

In accordance with this Court's opinion of this date, the trial court's Final Decree of Divorce is **AFFIRMED**.

It is **ORDERED** that appellee Hajra Hussain recover her costs of this appeal from appellant Ali Azhar.

Judgment entered this 5th day of January 2023.